A. W. MADRY v. TOWN OF SCOTLAND NECK.

(Filed 23 November, 1938.)

1. **Municipal Corporations § 5—Powers of municipal corporations in general.**

   A municipal corporation is a creature of the Legislature, and it has only those powers granted in express terms and powers necessarily or fairly implied or incident to the powers expressly granted, and those powers which are essential and indispensable to, and not merely convenient for, the accomplishment of the declared objects of the corporation.

2. **Municipal Corporations § 19b—**

   Even within the exercise of its powers a municipality may not bind itself by contract which incurs a debt, except for necessary expenses, unless by a vote of the majority of its qualified voters. N. C. Constitution, Art. VII, sec. 7.

3. **Same: Rewards—Municipality is without power to offer reward for apprehension or conviction of a felon.**

   A municipal corporation is without authority to offer a reward for the apprehension or conviction of a felon, and its offer of a reward is ultra vires, and the person performing the service may not recover from the city, the power to offer a reward not having been expressly granted, nor fairly implied from, nor incident to, the powers expressly granted, nor essential to the accomplishment of the declared objects of the corporation.

4. **Municipal Corporations § 19c—**

   A contract which is ultra vires a city is void, and the fact that the other party has performed his part of the contract does not preclude the city from pleading ultra vires.

APPEAL by defendant from *Burgwyn, Special Judge,* at October Term, 1938, of HALIFAX. Reversed.

Civil action to recover a reward in the sum of $500.00 offered by the defendant to the person furnishing information leading to the arrest and conviction of the murderer of the chief of police of the defendant town.

The defendant demurred *ore tenus* to the complaint on the ground that the complaint does not state a cause of action. The demurrer was overruled, and the defendant excepted and appealed.

*George M. Fountain & Son for plaintiff, appellee.*
*Stuart Smith and Geo. C. Green for defendant, appellant.*

BARNHILL, J. The plaintiff alleges that the defendant is a municipal corporation of the State of North Carolina; that its chief of police was murdered 16 February, 1936; that its duly appointed, elected and qualified officers offered a reward of $500.00 to the person who would furnish information leading to the arrest and conviction of the party or parties guilty of the murder; that the plaintiff thereafter furnished information to an officer of Halifax County which led to the arrest of two men, one of whom was duly convicted of the crime; that the plaintiff has duly filed his claim for said reward with the defendant, but that it has neglected and refused to pay same.

The complaint and the demurrer thereto present but one question for determination: May a North Carolina municipality, without express legislative authority, bind itself to pay a reward for information leading to the arrest and conviction of a party who commits a felony within the corporate limits of the town?

A municipality is a creature of the Legislature and it can only exercise (1) the powers granted in express terms; (2) those necessarily or fairly implied in or incident to the powers expressly granted; and (3) those essential to the accomplishment of the declared objects of the corporation—not simply convenient, but only those which are indispensable, to the accomplishment of the declared objects of the corporation. *Asheville v. Herbert,* 190 N. C., 732, 130 S. E., 861; *S. v. Gulledge,* 208 N. C., 204, 179 S. E., 883. In exercising such powers the municipal corporation's authority to bind itself by contract is limited and it cannot contract any debt, except for necessary expenses, unless by vote of the majority of the qualified voters therein. N. C. Const., Art. VII, sec. 7.

The Legislature has conferred authority upon the Governor of the State to offer rewards under the limitations set out in the statute, C. S., 4554. There is no such express legislative grant of power to towns and cities. The duty to apprehend and prosecute felons is imposed upon county and State officers. No such duty is required of a town, and a

careful examination of the powers conferred upon towns and cities by the statutes of this State leaves us with the conviction that it cannot be said that the power to offer rewards for the apprehension or conviction of felons can necessarily or fairly be implied from, or is incident to, the powers expressly granted. Nor is such power essential to the accomplishment of the declared objects of the corporation.

This is in accord with the general trend of the decisions in other states, the general rule being stated in 23 R. C. L., 1124, as follows: "The authorities very generally agree, however, that municipalities have no power to offer rewards for the apprehension of offenders against the criminal laws of the State, unless a statute or charter provision confers such power, as is sometimes done, but the ordinary general welfare clause of a municipal charter does not have this effect."

"The offer of a reward for the apprehension and conviction of an offender against the criminal law of the State is the exercise of a State power, and is foreign to the objects and purposes of a municipal corporation. It is not an ordinary corporate power, nor incident to it." *Winchester v. Redmond,* 93 Va., 711. Where a municipal corporation offers a reward for a purpose which does not come within the scope of its powers, and the reward is claimed by a person who has fulfilled the conditions of the offer, the contract thereby formed is *ultra vires* and affords no right of action against the corporation. 3 Ann. Cas., 157, Note.

"If a contract is *ultra vires* it is wholly void and (1) no recovery can be had against the municipality; (2) there can be no ratification except by the Legislature; (3) the municipality cannot be estopped to deny the validity of the contract. 3 McQuillin, Municipal Corporations, 2nd Ed., page 817." *Jenkins v. Henderson, ante,* 244. The fact that the other party to the contract has fully performed his part of the contract, or has expended money on the faith thereof, will not preclude the city from pleading *ultra vires. Dawson v. Dawson Waterworks,* 106 Ga., 696, 32 S. E., 907; *Mealy v. Hagerstown,* 92 Md., 741, 48 Atl., 746; *Jenkins v. Henderson, supra.*

As it appears upon the face of the complaint that the plaintiff is seeking to enforce a contract which is *ultra vires* and void the demurrer interposed by the defendant should have been sustained.

The judgment below is

Reversed.