ROCKINGHAM SQUARE SHOPPING CENTER, INC. v. TOWN OF MADISON

No. 7917SC253

(Filed 19 February 1980)

1. **Municipal Corporations § 22.2— street paved by private corporation—road opened by town—ultra vires contract**

Even if an express contract existed between the parties whereby plaintiff agreed to grade and pave a road owned by defendant town and the town agreed to open a road as an inducement for plaintiff to build a shopping center in the town, such contract was *ultra vires* and void, since the contract purported to restrict the statutory discretion vested by G.S. 160A-296 in the Board of Aldermen of defendant town to determine whether a street should be opened for public benefit; even if the town's opening of the road would in fact serve the interests of the residents of the town, the governing body's agreement with plaintiff, a private party, to do so would nevertheless be void as against public policy; and plaintiff's performance of its part of the agreement in expending money for the paving of a street belonging to the town would not

render the agreement valid, since the town could not be estopped from asserting that the agreement was *ultra vires* and therefore void.

**2. Municipal Corporations § 22.2— street paved pursuant to illegal contract—no recovery for expenditures**

   Since an alleged contract by plaintiff to pave a town street in exchange for the town's opening of another road was *ultra vires* and void, plaintiff could not recover money expended by it in paving the street and thereby executing its part of the agreement.

APPEAL by plaintiff from *Long, Judge.* Order dated 17 November 1978 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 12 November 1979.

This civil action arose out of an alleged agreement entered into between plaintiff Rockingham Square Shopping Center, Inc. and defendant Town of Madison. In a complaint filed in September 1978 plaintiff alleged that at a meeting of the town governing body on 16 February 1972, defendant town had agreed that it would open and construct Lonesome Road at its own expense as an inducement for plaintiff to construct a shopping center development in the town. The opening of the road was to provide additional access to plaintiff's proposed development site. Plaintiff alleged that, in consideration of defendant's promise, it had agreed to grade and pave C Street, a dedicated street, at no cost to the town. Because defendant encountered difficulties in negotiating necessary right-of-way agreements with abutting landowners, Lonesome Road was never opened. Plaintiff alleged that defendant never notified it that the road would not be opened. As a result of breach of the alleged express or implied contract, plaintiff was forced to sell the shopping center under threat of foreclosure on 13 October 1976 for $1,000,000.00, whereas the fair market value of the shopping center, had the defendant complied with its promise to open Lonesome Road, would have been in excess of $1,250,000.00. Plaintiff claimed that it suffered damages from the breach in the amount of $250,000.00. In addition, plaintiff alleged that, in reliance upon the alleged agreement, it had procured the grading and paving of C Street, and plaintiff sought an additional recovery of $20,000.00, the amount expended by it for the work, on a theory of unjust enrichment.

In its answer the Town of Madison denied that any express or implied contract ever existed between the parties for the opening of Lonesome Road, and alleged that if any such contract did

exist, it was *ultra vires,* void and unenforceable. As to plaintiff's claims for recovery of the amount expended by plaintiff for grading and paving C Street, defendant alleged that the work done was substandard and that the Town of Madison had received no benefit from it so as to create any liability for the cost thereof.

On 20 October 1978 defendant Town of Madison moved for judgment on the pleadings and summary judgment. In an order dated 17 November 1978, the trial court granted defendant's motion for summary judgment. Plaintiff appeals.

*C. Orville Light for plaintiff appellant.*

*S. J. Webster, Jr., and Donald P. Eggleston for defendant appellee.*

PARKER, Judge.

Upon its motion for summary judgment on plaintiff's cause of action, defendant town had the burden of showing that there was no triable issue of fact, and that it was entitled to judgment as a matter of law. *Pitts v. Pizza, Inc.,* 296 N.C. 81, 249 S.E. 2d 375 (1978); *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). Because plaintiff's complaint on its face discloses that no cause of action exists, summary judgment for defendant was properly granted in the present case. *McNair v. Boyette,* 282 N.C. 230, 192 S.E. 2d 457 (1972).

[1] The basis of the action here at issue was a purported express contract entered into between plaintiff corporation and defendant Town of Madison. Plaintiff alleged that, in consideration of plaintiff's agreement to grade and pave C Street, a road owned by the Town of Madison, the town agreed to open Lonesome Road as an inducement for plaintiff to build a shopping center in Madison. The first question presented is whether, assuming that such an express contract existed, the town of Madison had the legal power to enter into it so as to be liable for breach thereof. As stated by our Supreme Court in *Madry v. Town of Scotland Neck,* 214 N.C. 461, 199 S.E. 618 (1938):

> A municipality is a creature of the Legislature and it can only exercise (1) the powers granted in express terms; (2) those necessarily or fairly implied in or incident to the powers expressly granted; and (3) those essential to the ac-

complishment of the declared objects of the corporation- . . . . In exercising such powers of the municipal corporation's authority to bind itself by contract is limited . . . .

214 N.C. at 462, 199 S.E. at 619.

G.S. 160A-296 provides an express grant of power to municipalities "to open new streets and alleys, and to widen, extend, pave, clean, and otherwise improve existing streets, sidewalks, alleys, and bridges." This power is to be exercised in the discretion of the governing body of the municipality acting in its governmental, rather than its proprietary capacity. *Improvement Co. v. Greensboro,* 247 N.C. 549, 101 S.E. 2d 336 (1958); *Hoyle v. Hickory,* 164 N.C. 79, 80 S.E. 254 (1913). Although there is no question that a municipal corporation has the power to enter into contracts, there are certain limitations on its governing body's power to contract with respect to its governmental authority. As stated by our Supreme Court in *Edwards v. Goldsboro,* 141 N.C. 60, 53 S.E. 652 (1906):

> Powers are conferred upon municipal corporations for public purposes; and as their legislative powers cannot, as we have just seen, be delegated, *so they cannot, without legislative authority, express or implied, be bargained or bartered away.* Such corporations may make authorized contracts, but they have no power, as a party, to make contracts . . . . which shall cede away, control, or embarrass their legislative or governmental powers . . . . [The governing body] must at all times retain freedom of judgment, so that its decisions will be influenced only by a regard for the public welfare. 141 N.C. at 64-65, 53 S.E. at 653.

*Accord, Improvement Co. v. Greensboro, supra;* 10 McQuillin, The Law of Municipal Corporations, § 29.07, pp. 244-246. (3rd Ed. 1966 Revised Volume). If a contract does restrict the discretionary authority of the governing body of a municipality, it is *ultra vires* and of no legal effect. "The objection to the contract is, not merely that the corporation ought not to have made it, but that it could not make it." *Jenkins v. Henderson,* 214 N.C. 244, 248, 199 S.E. 37, 40 (1938). Thus, there can be no right of action upon the contract for its breach, and no performance on either side can give it any validity. *Madry v. Scotland Neck, supra; Jenkins v. Henderson, supra.*

Applying these principles to the present case, we conclude that the alleged contract relied upon by plaintiff is *ultra vires,* and, therefore, unenforceable. Assuming that a contract was in fact entered into between the parties, that contract purported to restrict the statutory discretion vested by G.S. 160A-296 in the Board of Aldermen of the Town of Madison to determine whether a street should be opened for the public benefit. Even if the opening of Lonesome Road would in fact serve the interest of the residents of Madison, the governing body's agreement with plaintiff, a private party, to do so would nevertheless be void as against public policy. Neither does plaintiff's performance of its part of the agreement in expending money for the paving of C Street render the agreement valid, since the Town of Madison cannot be estopped from asserting that the agreement was *ultra vires* and therefore void. *Jenkins v. Henderson, supra.* Thus, the alleged express contract being void, plaintiff corporation had no cause of action for its breach.

[2] Having determined that plaintiff was not entitled to recover for breach of any express contract, we next consider whether plaintiff is entitled to recover the sum of $20,000, the amount by which it alleges defendant has been unjustly enriched at the expense of the plaintiff because of the paving of C Street. Plaintiff contends that even if the express contract is unenforceable, defendant Town of Madison may not retain the benefits of the paving without paying therefor. In support of its contention, the corporation relies upon the Supreme Court decision in *Hawkins v. Dallas,* 229 N.C. 561, 50 S.E. 2d 561 (1948). In that case, the plaintiff brought an action against a municipality to recover on a theory of express contract for the paving of streets and the laying of sewer lines. The contract in question was improperly let because the municipality had failed, as required by statute, to take bids for the work. Although the court held that the contract was void because the statutory bidding requirements were not met and that the plaintiff had no right of recovery on the contract, it nevertheless concluded that the municipality, having accepted the plaintiff's services and materials, was bound to compensate him for the reasonable and just value of the benefits received.

The decision in *Hawkins v. Dallas, supra,* is in accord with the general rule that, where a contract is within the scope of the

municipal powers but is void and unenforceable as an express contract because of irregularities in execution or performance, recovery may still be had for the value of benefits received by the municipality on a theory of implied contract. 10 McQuillin, supra, at § 29.111, pp. 536-537; *see also, Manufacturing Co. v. Charlotte,* 242 N.C. 189, 87 S.E. 2d 204 (1955); *Moore v. Lambeth,* 207 N.C. 23, 175 S.E. 714 (1934); *McPhail v. Commissioners,* 119 N.C. 330, 25 S.E. 958 (1896). However, a distinction has been drawn between cases in which the express contract involves an irregular exercise of a corporation power to contract, and those in which the express contract is *ultra vires* because the power of the municipality to contract is absent. In the latter cases, the municipality may not be bound, even in implied contract, for the value of benefits received. See generally, McQuillin, *supra,* § 29.111a, pp. 542-544; Annot., 154 A.L.R. 356, pp. 370-373 (1945); Annot., 110 A.L.R. 153, pp. 159-161 (1937). One rationale for such a rule is that the law will not permit a party to benefit directly or indirectly from a contract which is against a public policy. Our Supreme Court applied this rationale in *Insulation Co. v. Davidson County,* 243 N.C. 252, 90 S.E. 2d 496 (1955), holding that a contract between a county and a private corporation of which the county manager was an officer was not only unenforceable, but that public policy precluded the corporation from recovering in an action *indebitatus assumpsit* on a *quantum meruit* basis. For the same reason of public policy, there can be no recovery in quasi contract by plaintiff in the present case. The express contract alleged by plaintiff being void as founded upon an illegal consideration, i.e., the promise of the Board of Aldermen to restrict its legislative discretion, plaintiff may not recover on account of the money he expended in executing his part of the agreement.

For the reasons stated, the judgment appealed from is

Affirmed.

Chief Judge MORRIS and Judge HILL concur.