GARLAND RAY BRIGGS AND JOHN CLIFFORD SMITH v. MID-STATE OIL COMPANY

No. 8019SC1095

(Filed 21 July 1981)

1. **Appeal and Error § 6.2— judgment on fewer than all claims—appeal not premature**

   Where plaintiffs alleged as their first claim for relief that defendant had breached its contract to provide severance pay and, as a second claim for relief, that defendant had made fraudulent inducements and misrepresentations concerning severance pay and that plaintiffs had been damaged thereby, plaintiffs' appeal from the trial court's entry of summary judgment for defendant on plaintiffs' second claim was not premature, since, if summary judgment as to the alleged fraud by defendant were improperly granted, plaintiffs had a "substantial right" to have this claim for relief tried at the same time at which the claim for relief based on breach of contract was tried.

2. **Fraud § 12— fraudulent representations by employer—summary judgment for employer proper**

   In an action to recover for fraudulent inducements and misrepresentations allegedly made by defendant employer concerning severance pay, trial court properly entered summary judgment for defendant where the evidence tended to show that plaintiffs' jobs were terminable at will; at most a promise of severance pay by defendant may have caused plaintiffs to forego looking for or accepting new jobs; but there was neither particular allegation nor specific evidence that either plaintiff gave up either one of these actions or anything else as a result of the alleged severance pay program and there was thus no allegation or proof that plaintiffs relied in any way on any alleged misrepresentation of existing fact made with intent to deceive.

APPEAL by plaintiffs from *Albright, Judge.* Judgment entered 17 June 1980, in Superior Court, ROWAN County. Heard in the Court of Appeals 6 May 1981.

Plaintiffs, both former employees of defendant, instituted this lawsuit to recover damages they allegedly incurred when the defendant terminated their employment without providing severance pay. From the pleadings, it appears that, on or about 1 July 1977, Mid-State Oil Company merged with a number of oil companies with the surviving company retaining the name of Mid-State Oil Company. At the time of the merger, organizational changes were made, operations were restructured, and jobs were eliminated. Defendant initiated a severance pay benefit program to cover those persons whose jobs had to be terminated during the merger period.

According to the deposition of defendant's general manager, at the time the severance pay program was explained to its employees, there was an organizational chart that showed which jobs were to be eliminated. In defendant's Salisbury, North Carolina office, out of which the plaintiffs operated, there was to be a reduction in staff of two, neither one of whom was a plaintiff herein. Plaintiffs alleged that the severance pay benefits were generally promised to all employees when jobs were terminated as a result of the merger.

The jobs held by plaintiffs Smith and Briggs were terminated on 17 January 1978, and 10 April 1978, respectively. Neither employee received severance pay.

In their complaint against defendant, plaintiffs alleged, as their first claim for relief, that defendant had breached its contract to provide severance pay. As a second claim for relief, plaintiffs asserted that defendant had made fraudulent inducements and misrepresentations concerning severance pay and that, as a result of these inducements, plaintiffs had been damaged. They sought both compensatory and punitive damages.

Defendant filed a motion to dismiss the second claim for relief and a motion to strike plaintiffs' reference to punitive damages, in its second claim for relief and their prayer for punitive damages. At the hearing on the motion, the trial court reviewed depositions of both the plaintiffs and of defendant's general manager. After concluding that defendant gave plaintiffs proper notice that it was converting its motion to dismiss to a motion for summary judgment, the court found that, as to plaintiffs' second claim for relief, there was no genuine issue of material

fact and defendant was entitled to judgment as a matter of law. The court also allowed defendant's motion to strike plaintiffs' prayer for punitive damages which it found to be "inextricably dependent upon the viability of the second claim for relief . . . ."

From this judgment, plaintiffs appealed.

*Ketner and Rankin by Robert S. Rankin, Jr., and David B. Post, for plaintiff appellants.*

*Hudson, Petree, Stockton, Stockton & Robinson, by Norwood Robinson and F. Joseph Treacy, Jr., for defendant appellee.*

CLARK, Judge.

[1] The first issue this Court must deal with is whether plaintiffs' appeal at this time is premature. Defendant asserts that it is premature because no substantial right of plaintiffs was affected, G.S. 1-277, because there was no judgment on all of the claims, and because the trial court did not enter a final judgment, as required by G.S. 1A-1, Rule 54(b), by determining that there is no just reason for delay. Because of the Supreme Court opinion in *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976), we are compelled to reject defendant's argument.

G.S. 1A-1, Rule 54(b) allows the trial court, in cases involving multiple claims, to enter final judgment as to one or more but fewer than all the claims "only if there is no just reason for delay and it is so determined in the judgment." Defendant correctly notes that the trial judge below failed to make this determination. In construing this statutory requirement in *Oestreicher*, however, the Supreme Court emphasized the following portion of Rule 54(b):

"In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise *except as expressly provided by these rules or other statutes.*

290 N.C. at 121-22, 225 S.E. 2d at 800. (Emphasis added). The Supreme Court concluded that the rule does not restrict the right

of appeal provided by G.S. 1-277 (and G.S. 7A-27(d)). G.S. 1-277 allows appeal from any judicial order or determination which affects a substantial right. The Supreme Court in *Oestreicher* allowed an appeal from partial summary judgment where the trial court had allowed summary judgment as to a claim for relief in which plaintiff sought punitive damages for fraudulent acts alleged in the first claim for relief, for which there was no summary judgment. Additionally, the trial court had granted summary judgment as to the third claim for relief which alleged anticipatory breach of contract and which arose from the same contract on which the first two claims for relief were based. The court concluded:

> "The causes of action that the plaintiff allege [*sic*] are related to each other. He seeks punitive damages in the second cause because of the alleged misconduct of defendant in the first cause of action. [The trial judge] required plaintiff to try his first cause of action, relating to the alleged fraudulent failure of the defendant to pay proper rental. To require him possibly later to try the second cause of action for punitive damages would involve an indiscriminate use of judicial manpower and be destructive of the rights of both plaintiff and defendant. Common sense tells us that the same judge and jury that hears the claim on the alleged fraudulent breach of contract should hear the punitive damage claim based thereon. The third cause of action alleged an anticipatory breach of contract. This arose from the same lease contract that gave birth to the first and second causes. By the same token, the same judge and jury should hear the third cause along with the first and second ones, assuming the plaintiff's cause is not subject to summary judgment.

> We believe that a 'substantial right' is involved here. If the causes of action were not subject to summary judgment, plaintiff had a substantial right to have all three causes tried at the same time by the same judge and jury."

290 N.C. at 130, 225 S.E. 2d at 805.

This definition of "substantial right" is a broad one and applies to the situation before us. If summary judgment as to the alleged fraud by defendant were improperly granted, plaintiffs have a "substantial right" to have this claim for relief tried at the

same time at which the claim for relief based on breach of contract is tried. The appeal, therefore, is not premature.

[2] The sole substantial question presented by this appeal is whether the trial court properly granted summary judgment as to plaintiffs' second claim for relief. Upon a motion for summary judgment, the duty of the trial judge is to determine whether there is a genuine issue of material fact which should be tried by a jury. *Lambert v. Power Co.*, 32 N.C. App. 169, 231 S.E. 2d 31, *disc. review denied*, 292 N.C. 265, 233 S.E. 2d 392 (1977). The moving party must make it absolutely clear that he is entitled to judgment as a matter of law. *Id.* A defending party may show as a matter of law that he is entitled to summary judgment by establishing that there is no genuine issue of material fact concerning an essential element of the plaintiff's claim for relief and that the plaintiff cannot prove the existence of that element. *Best v. Perry*, 41 N.C. App. 107, 254 S.E. 2d 281 (1979). In *Russo v. Mountain High, Inc.*, 38 N.C. App. 159, 247 S.E. 2d 654 (1978), this Court stated:

> "Clearly, if the defendant moving for summary judgment in a fraud case presents material which effectively negates even one of the essential elements of fraud, summary judgment in defendant's favor should be allowed. It is not necessary that defendant's material negate *all* of the essential elements . . . ."

*Id.* at 162, 247 S.E. 2d at 656. Hence, in a case involving a claim for relief based on fraud, summary judgment is proper where there is no genuine issue of material fact with regard to an essential element of fraud, negating that element as a matter of law.

The essential elements of actionable fraud are well-established: There must be a knowing misrepresentation of existing fact, made with intent to deceive, which the other party reasonably relies on to his deception and detriment. *Moore v. Trust Co.*, 30 N.C. App. 390, 226 S.E. 2d 833 (1976). Under the provisions of G.S. 1A-1, Rule 9(b), the complaining party is required to state with particularity the circumstances constituting fraud.

In the case at bar, the plaintiffs' second claim for relief reads as follows:

"Second Claim for Relief

13. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 12 of this complaint.

14. At the time defendant induced the plaintiff's [*sic*] to continue their employment with defendant, defendant knew that there would be a reduction in business as a result of curtailed and modified operations, that there would be a continued reduction of employees, and that it would provide severance pay to only certain selected employees, which did not include the plaintiffs, rather than to all employees remaining with the company as it had stated.

15. That at the time plaintiffs' employment was terminated, defendant advised plaintiffs that the terminations were due to lack of work. However, defendant continues to have positions for home fuel oil delivery drivers in their Salisbury operation, and have hired persons not previously with the company to fill such positions, but plaintiff Briggs was never offered his position back. In addition, defendant continued the employment of a tank transport driver with less experience and seniority than plaintiff Smith and has employed independent tank-truck drivers to transport oil to defendant's bulk plant which is the job that plaintiff Smith had held.

16. The actions of defendant were taken with the intent to avoid payment of severance pay to the plaintiffs as well as the payment of other accrued benefits based upon their seniority with the company.

17. As a result of the fraudulent inducements and misrepresentations of defendant, plaintiffs Briggs and Smith have suffered disruptions in their lives, loss of income, and other expenses, all of which has damaged them in the amounts in excess of $5,063.00 and $5,394.40, respectively, to be proved at trial. In addition, plaintiffs are entitled to punitive damages in the amount of $8,000.00 each."

According to the pleadings and to the depositions, both plaintiffs were employed for an indefinite period of time. Plaintiff

Briggs in his deposition stated that "[w]hen I went to work for Mid-State Oil in 1962 I did not have a written employment contract. My understanding at that time was that I was employed there for as long as they needed me, indefinitely." Similarly plaintiff Smith in his deposition stated that "[t]here was no agreement, either written or oral, as to the terms or length of my employment with Mid-State. The length of my employment was indefinite." It is clear that the jobs of the two men were terminable at the will of either individual or of the defendant, irrespective of the quality of performance by the other party. *See Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971).

The evidence, viewed in the light most favorable to plaintiffs, *Brice v. Moore*, 30 N.C. App. 365, 226 S.E. 2d 882 (1976), established this fact situation: at the time of the merger requiring reorganization, plaintiffs were promised that, if their jobs were terminated, they would receive severance pay calculated on the basis of years of employment. Plaintiffs did nothing. When their jobs were terminated, as was possible with or without cause, they were denied severance pay. Both plaintiffs thereafter found jobs.

Plaintiffs failed to allege in their complaint and failed to show in the depositions which were before the trial court, that they had relied in any way on any alleged misrepresentation of existing fact made with intent to deceive. The allegation contained in paragraph 14 of the complaint does not alter the status of plaintiffs' employment. Their jobs were terminable at will; at most a promise of severance pay may have caused them to forego looking for, or accepting, a new job. There is, however, neither particular allegation nor specific evidence that either plaintiff gave up either one of these actions or anything else as a result of the alleged severance pay program.

It is unnecessary for this Court to discuss the other elements of actionable fraud since, as stated earlier, a moving party is entitled to summary judgment when he can establish that there is no genuine issue of material fact concerning an essential element of plaintiff's claim for relief and that plaintiff cannot prove the existence of the element. While we recognize the distinct possibility that there are other elements about which there were no genuine issues of material fact, this Court finds that there was no genuine issue of material fact as to plaintiffs' lack of reliance on defend-

ant's alleged misrepresentations. Summary judgment on the claim for relief based on fraud was, therefore, properly allowed; it follows that the motion to strike plaintiffs' prayer for punitive damages based on fraud was also properly allowed.

The judgment below is, therefore,

Affirmed.

Judges MARTIN (Robert M.) and HILL concur.