FRANK B. LEWIS v. THE CITY OF WASHINGTON, a NORTH CAROLINA MUNICIPAL CORPORATION; ABBOTT N. SAWYER, MAYOR; CARLOTTA MORDECAI, CAROL COCHRAN, J. R. JONES, JACK WRIGHT AND FLOYD BROTHERS, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS MAYOR AND MEMBERS OF THE CITY COUNCIL OF THE CITY OF WASHINGTON, NORTH CAROLINA

No. 822SC950

(Filed 16 August 1983)

1. **Appeal and Error § 6.2— action for specific performance or damages—summary judgment on specific performance claim—right of appeal**

    In an action for specific performance of a contract or monetary damages, plaintiff's appeal from the trial court's grant of summary judgment for defendants on the specific performance claim was not interlocutory because, if summary judgment was improperly granted on the specific performance claim, plaintiff had a substantial right to have his specific performance claim tried at the same time as his monetary damages claim. G.S. 7A-27(d)(1); G.S. 1-277(a).

2. **Municipal Corporations § 22.2— lease of city property—ultra vires contract—no recovery of rental payments**

    A city's contract to lease city-owned waterfront property to plaintiff on the condition that plaintiff would construct boat slips on the property for rental to the public was *ultra vires* and void where the city zoning laws prohibited such use of the property, since the city's proprietary or corporate power to lease its property could not be exercised so as to "disadvantageously affect" the governing body's governmental powers of zoning. Furthermore, plaintiff was prohibited from recovering the rental fees it had paid to the city under the *ultra vires* contract.

APPEAL by plaintiff from *Bruce, Judge.* Judgment entered 7 July 1982 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 10 June 1983.

On 17 August 1981 Frank Lewis and the City of Washington entered into a contract, pursuant to G.S. 160A-272, for the lease of municipal property. The contract provided that the City would lease a described portion of the City's waterfront property to Lewis on the condition that he would construct boat slips on that property for rental to the public. At the time the contract was executed, the zoning laws of the City of Washington prohibited this type of construction in the area leased to Lewis. Subsequent to the signing and pursuant to the terms of the contract, Lewis made two $250.00 rental payments to the City. Lewis had not yet begun construction on the docks when he was informed that the City Council would not change the zoning laws to allow him to build and rent boat slips on the leased site.

Lewis filed suit on 6 May 1982, alleging breach of contract and requesting specific performance or monetary damages. Both Lewis and the defendants moved for summary judgment. The court granted partial summary judgment for defendants as to plaintiff's request for specific performance, leaving for determination at trial the issue of whether plaintiff could recover monetary damages. Plaintiff appealed from this judgment and defendants cross-appealed.

*Wilkinson & Vosburgh, by James R. Vosburgh for plaintiff-appellant.*

*McMullan & Knott, by Lee E. Knott, Jr., for defendant-appellees.*

EAGLES, Judge.

[1] We first note that plaintiff's appeal, assigning as error the court's grant of summary judgment in favor of defendants on plaintiff's claim for specific performance, is not interlocutory. If summary judgment as to plaintiff's claim for specific performance was improperly granted in favor of defendants, plaintiff has a "substantial right" under G.S. 7A-27(d)(1) and G.S. 1-277(a) to have that claim for relief tried at the same time as the claim for monetary damages. *See Briggs v. Mid-State Oil Co.*, 53 N.C. App. 203, 280 S.E. 2d 501 (1981).

The only issue properly before this Court is whether the trial court erred in granting defendants' motion for summary judgment as to plaintiff's request for specific performance of the leasing contract. Since the parties are in agreement as to the facts, summary judgment was proper if defendant was entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c).

[2] The basis for this action was a written contract to lease a particular section of city-owned waterfront property to plaintiff on the condition that he would erect docks on the property and rent them to the public. The determinative issue is whether the City of Washington had the legal power to enter into this contract and incur liability for its breach.

G.S. 160A-272 empowers a city to lease or rent any property owned by the city "for such terms and upon such conditions as the council may determine." This power is to be exercised by the

governing body of the municipality acting in its proprietary, rather than its governmental, capacity. *See Wa-Wa-Yanda, Inc. v. Dickerson,* 18 App. Div. 2d 251, 239 N.Y.S. 2d 473 (1963) (lease of city-owned property for dock is proprietary). It is a commercial municipal activity involving a "monetary charge" in the form of rental fees, and it is "not one of the 'traditional' services rendered by local governmental units." *Sides v. Cabarrus Memorial Hospital,* 287 N.C. 14, 25, 213 S.E. 2d 297, 304 (1975). The distinction between a municipality's governmental and proprietary functions is clearly stated in 2 McQuillin Municipal Corporations § 10.05.

> A municipal corporation has a twofold character and dual powers . . . . The one is variously designated as public, governmental, political or legislative, in which the municipal corporation acts as an agency of the state. The other is variously designated as municipal, private, quasi-private, or proprietary . . . among the factors denoting a governmental function is the fact that an activity was historically engaged in by local government, that it is uniformly so furnished today, that it could not be performed as well by a private corporation, that it is not undertaken for profit or for revenue, and that it is not within the imperative public duties imposed on a municipality as agent of the state. . . . If the power conferred has relation to public purposes and is for the public good, it is generally classified as governmental in its nature. . . . Private, municipal, proprietary functions and powers are those relating to the accomplishment of private corporate purposes in which the public is only indirectly concerned, and as to which the municipal corporation is regarded as a legal individual.

The city's proprietary or corporate power to contract for the leasing of its property is limited. *See Rockingham Square Shopping v. Town of Madison,* 45 N.C. App. 249, 262 S.E. 2d 705 (1980). It cannot be exercised so as to "disadvantageously affect" the governing body's governmental powers. *Plant Food Co. v. City of Charlotte,* 214 N.C. 518, 199 S.E. 712 (1938). "The true test is whether the contract itself deprives a governing body, or its successor, of a discretion which public policy demands should be left unimpaired." *Id.* at 520, 199 S.E. at 714.

Our courts have previously held that zoning is a governmental rather than a proprietary function. *Taylor v. Bowen,* 272 N.C. 726, 158 S.E. 2d 837 (1968). If plaintiff were to be awarded specific performance at trial, the city council would be *forced* to alter the zoning laws to allow plaintiff to construct his docks. Since the contract between plaintiff and defendant restricted the discretionary zoning authority of the city council, "disadvantageously affecting" one of the city's governmental powers, it was *ultra vires* and void. *Rockingham Square Shopping v. Town of Madison, supra.* Plaintiff's complaint on its face disclosed that the leasing contract was *ultra vires.* There is no right of action upon an *ultra vires* contract for its breach and no performance on either side can validate it. *Id.* Therefore, partial summary judgment for defendants was properly granted.

Defendants cross-appealed, assigning as error the court's refusal to grant summary judgment in favor of defendants on all issues. Ordinarily this cross-appeal would be interlocutory. Denial of a motion for summary judgment is not immediately appealable. *Equitable Leasing Corp. v. Myers,* 46 N.C. App. 162, 265 S.E. 2d 240, *appeal dismissed,* 301 N.C. 92 (1980). However, this Court may, in its discretion, review an order of the trial court not otherwise appealable when such review will serve the expeditious administration of justice or some other exigent purpose. *Stanback v. Stanback,* 287 N.C. 448, 215 S.E. 2d 30 (1975).

Acting within our discretion to review the trial court's order denying defendants' motion for summary judgment on all issues raised by plaintiff, we hold that on the basis of *Rockingham Square Shopping v. Town of Madison, supra,* the trial court erred in granting only partial summary judgment in favor of defendant. The trial court should have granted full summary judgment in favor of defendant because the plaintiff is barred from recovering even the $500.00 in rental fees paid to the City of Washington under the leasing contract. Where "the express contract is *ultra vires* because the power of the municipality to contract is absent . . . the municipality may not be bound, even in implied contract, for the value of benefits received (citations omitted) . . . the law will not permit a party to benefit indirectly from a contract which is against a public policy. . . . plaintiff may not recover on account of the money he expended in executing his part of the agreement." *Id.* at 254, 262 S.E. 2d at 709.

Affirmed in part, reversed in part, and remanded for entry of a judgment consistent with this opinion.

Judges WHICHARD and JOHNSON concur.