818 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilkes COUNTY, Plaintiff--Appellee,
v.
AUTOMATED VALUATION SERVICES, INC., a/k/a Automated
Valuation Services, a/k/a AVS, L. Robert Kimball and
Associates, P.A., L. Robert Kimball and Associates, Inc.,
and The Insurance Company of North America, a/k/a INA,
Defendants-- Appellants.
 No. 86-2140.
 United States Court of Appeals, Fourth Circuit.
 Aruged Feb. 4, 1987.
Decided April 29, 1987.
 
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 Paul S. Bliley, Jr. (William D. Bavliss; Browder, Russell, Morris & Butcher, P.C., on brief), for appellants.
 Joe Oliver Brewer, for appellee.
 PER CURIAM:
 
 
 1
 This case comes to this court on an appeal from an order of the court below which held, in essence, that the contract involved was "invalid and unenforceable.".
 
 
 2
 Factually, the case arises from a pattern of activity as between the parties by the terms of which the appellants (hereinafter defendants) were engaged by Wilkes County (hereinafter plaintiff) to conduct a reevaluation of all of the real estate in Wilkes County.
 
 
 3
 Such reevaluation is required by the statutory law of the State of North Carolina at regular intervals, and it is undisputed that the engagement of the defendants to conduct this evaluation is in accordance with the requirements of the laws of North Carolina.
 
 
 4
 A written contract was prepared, again in accordance with the provisions of the statutory law of North Carolina, spelling out the requirements imposed on the defendants, the obligation to pay of the plaintiff, and otherwise reducing to writina arather complex factual agreement.
 
 
 5
 The North Carolina state legislature has adopted a detailed and very precise set of statutory requirements for the preparation and execution of such contracts. In particular, the thrust of these stringent statutory requirements is to assure that money is available to discharge the local government's obligation under the contract at the time such obligation is due to be paid. The finance officer of the local government is required to make certain certifications as to availability of funds, amount of the contract obligations, etc.
 
 
 6
 One such requirement is that there be a certificate affixed to the face of the contract stating that the instrument has been "preaudited" so as to assure that (a) there is an appropriation authorizing the obligation, and (b) that there is an "incumbent" balance in the appropriation which would be sufficient in amount to pay the sums obligated by the transaction. This "preaudit" certificate is to be signed by the finance officer of the local government.
 
 
 7
 Over the course of time, the contract was carried forward by the defendants, and essentially all of the agreed on compensation was paid over to the defendants. There were still some retainages remaining in the county treasury at the time this controversy began but, essentially, the contract had been executed and had been paid for.
 
 
 8
 Ultimately the plaintiff determined that the contract had been entered into in violation of certain provisions of North Carolina General Statute Section 159-28(a) and consequently brought suit against the defendants for recovery of the funds which had been paid over to the defendants.
 
 
 9
 With this factual background, we turn to the governing North Carolina law. As indicated, that law is set out in Section 159-28 subsection (a) of the Code of Laws in North Carolina. In part, it reads as follows:
 
 
 10
 If an obligation is evidenced by a contract or an agreement requiring payment of money, or by a purchase ... the contract, agreement ...shall include on its face a certificate stating that the instrument has been preaudited to assure compliance with this subsection. The certificate, which shall be signed by the finance officer or any deputy finance officer approved for this purpose by the governing board, shall take substantially the following form: ...
 
 
 11
 An obligation incurred in violation of this subsection is invalid and may not be enforced....
 
 
 12
 While it seems essentially agreed that the various steps which the finance officer was called on to take in order to prepare his certificate had in fact been taken, it is undisputed that the certificate was not attached to the face of the contract.
 
 
 13
 The quoted language "an obligation incurred in violation of this subsection is invalid and may not be enforced" is neither ambiguous nor indefinite. It is plain language, and carries with it a plain meaning. If, as it is concerted, the preaudit certificate had not been affixed to the face of the contract, then this court has no authority to rewrite the plain and unambiguous provisions of the laws as promulgated by the legislature of North Carolina. Thus, we must find that on this line of reasoning, the contract is "invalid and may not be enforced."
 
 
 14
 The defendants further argue, however, that in fact the plaintiff is estopped to assert the invalidity and non-enforceability of the contract by its conduct, taking comfort from the case of Pritchard v. Elizabeth City, --N.C. App. ----, 344 S.E.2d 821 (1986). However, in the Pritchard case, the controversy turned on a contention that a municipality had in fact violated its own ordinance in allowing certain overtime provisions to be ignored. In effect, the North Carolina Court of Appeals was there dealing with a situation in which an ordinance adopted by the municipality had been in fact apparently violated by agents of the municipality. In such a situation, a finding of estoppel may be appropriate, though the court expresses no opinion on this proposition.
 
 
 15
 Here, however, there is a very carefully structured statutory procedure to be followed by the county in undertaking an obligation manifested in such a contract. The statutory provisions are not those of the plaintiff herein, but are imposed on the plaintiff herein by the fiat of the legislature of the state of North Carolina. Passing totally by the question of whether estoppel can properly be asserted against a governmental entity, the circumstances in this case differ so markedly from those in Pritchard that this court cannot consider that Pritchard constitutes a binding analysis or binding precedent affecting this case.
 
 
 16
 As the court below aptly put it,
 
 
 17
 Here it is the General Assembly and not the governing body of a municipality which has imposed limits upon a municipal official's authority to contract. Second, and more importantly, in Pritchard the officers entering into employment contracts had full and complete authority to enter a proper contract, but exceeded the limits of their authority; whereas in the instant case one of the proper officers whose certificate was mandatory failed to enter the contract.
 
 
 18
 (Joint Appendix, p. 95.)
 
 
 19
 The court below also indicated that the parties may go forward on a quantum meruit basis. This court is in agreement, since quantum meruit has long been recognized in North Carolina courts. See, e.g., Tillman v. Talbert, 244 N.C. 270, 93 S.E.2d 101 (1956); Lindsey v. Speight, 224 N.C. 453, 31 S.E.2d 371 (1944) ; Grantham v. Grantham, 105 N.C. 363, 171 S.E. 331 (1933). However, a contract which is ultra vires also denies the performing party any recovery on a quantum meruit theory, under the language of the Court of Appeals in North Carolina in Shopping Center v. Town of Madison, 45 N.C. App. 249, 253-54, 262 S.E.2d 705, 706-09 (1980).
 
 
 20
 As noted, however, in Madison, a performing party may recover under quantum meruit if the "contract is within the scope of the municipal powers but is void or unenforceable as an express contract because of irregularities in execution or performance..." Id. at 708 (citing Hawkins v. Dallas, 229 N.C. 561, 50 S.E.2d 561 (1948)). The contract at issue here, while void and unenforceable, is not ultra vires under the law of North Carolina, since the municipality not only has power to conduct an octennial reevaluation of real property, but is required to do so under North Carolina General Statute Sec.Sec. 1.05-286(a) and may contract for expert assistance under General Statute Sec. 105-229.
 
 
 21
 For the reasons indicated, the judgment of the court below is affirmed on the basis of the reasoning of that court in its opinion of July 10, 1986. The case is thus remanded to the United States District Court for the Western District of North Carolina, Statesville Division, for such further action as may be appropriate.
 
 
 22
 AFFIRMED AND REMANDED.