549 So.2d 738 (1989)
P.C.B. PARTNERSHIP, a Florida General Partnership, Formerly Known As Largo Bunch, Inc., a Florida Corporation, Appellant,
v.
The CITY OF LARGO, Florida, a Municipal Corporation and Earnest Bach, Scott Henniger, James Miles and George McGough, Appellees.
No. 88-03447.
District Court of Appeal of Florida, Second District.
September 27, 1989.
*739 Marcus A. Castillo and James A. Helinger, Jr., P.A., Clearwater, for appellant.
John G. Hubbard of Frazer, Hubbard & Brandt, Dunedin, for appellees.
RYDER, Judge.
Appellant challenges the lower court's dismissal of its amended complaint with prejudice. We affirm the dismissal of the amended complaint, but find that appellant should have been allowed to file a second amended complaint.
It appears from the allegations in appellant's amended complaint that, on June 19, 1984, the City of Largo entered into a "land disposition agreement" with appellant's predecessor, Largo Bunch, Inc. (hereinafter Largo Bunch), the stated purpose of which was to make land available for development by private enterprise in Largo's downtown business district. In the agreement, *740 the City agreed to convey to Largo Bunch a parcel of land located in the downtown business district, to construct a "curvilinear" connecting road to improve access to the property, and to allow Largo Bunch to develop a parking lot on the parcel and connect to the City's nearby stormwater drain. In return, Largo Bunch agreed to convey a parcel of land to the City, to develop the downtown parcel received from the City in accordance with Largo's downtown development plan and to pay to the City the sum of $200,000.00. Fifty thousand dollars of that amount was to be paid into an escrow account at the time of receiving the first building permit, another $50,000.00 was to be paid into the escrow account at the time of receiving the first certificate of occupancy and $100,000.00 was to be paid by cashier's check at closing. In an addendum to the agreement, Largo Bunch agreed to relieve the City of its obligation to construct the curvilinear road if the City were to install a traffic light at a strategic location specified in the agreement.
In July 1984, after it had approved and adopted the agreement, the City conveyed to Largo Bunch the downtown parcel as contemplated in the agreement. At an unspecified point in time, Largo Bunch made the two $50,000.00 payments into escrow and filed site plans containing improvements designed to access the curvilinear road. In November 1985, however, the City voted to delete the curvilinear road from its downtown development plan, and in June 1987, it formally disapproved construction of the road. At some time prior to the City's disapproval of the construction of the curvilinear road, the City installed a traffic light at the intersection specified in the addendum to the agreement. The installation of the light presumably would relieve the City of its obligation to construct the curvilinear road. However, appellant alleges that the light is "nonfunctional." It is unclear from the limited record before us whether Largo Bunch ever paid the $100,000.00 it was required to pay at closing, whether it conveyed its parcel to the City and, indeed, whether the closing took place at all.
After the City's disapproval of the curvilinear road construction, appellant filed a complaint, and then the amended complaint that is the subject of this appeal. The amended complaint alleges causes of action against the City for specific performance of the agreement, breach of contract, and temporary injunction prohibiting the City from reallocating funds originally allocated toward the construction of the curvilinear road. The amended complaint also seeks damages against the individual appellees, who are Largo city commissioners, for tortious interference with contract and deprivation of civil rights pursuant to 42 U.S.C. § 1983. Appellees moved to dismiss the amended complaint, and appellant filed a motion for leave to amend to seek return of the money consideration it has already paid to the City in the event the agreement is found to be unenforceable. On September 30, 1988, the trial court dismissed the amended complaint with prejudice, and on November 14, 1988, the court denied appellant's motions for clarification and rehearing. This appeal timely ensued.
The parties agree that the determinative issues concerning the dismissal of the amended complaint are, with regard to the City's liability, whether the agreement is ultra vires and thus unenforceable, and with regard to the liability of the city commissioners, whether they are protected by legislative immunity.
We can easily dispose of the issues regarding the liability of the individual appellees. City council members enjoy absolute immunity in civil rights actions when acting in a legislative capacity. Healy v. Town of Pembroke Park, 831 F.2d 989 (11th Cir.1987). See also Penthouse, Inc. v. Saba, 399 So.2d 456 (Fla.2d DCA), review denied, 408 So.2d 1095 (Fla. 1981). In addition, they are immune from personal liability for acts or omissions within the scope of their legislative function, unless they acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." § 768.28(9)(a), Fla. Stat. (1987). The trial court correctly dismissed the counts in appellant's amended complaint *741 directed toward the city commissioners, since there are no allegations that the commissioners acted in any manner other than legislatively. In addition, while there are allegations in the amended complaint that the commissioners acted maliciously, wantonly and willfully, these allegations are conclusory, and from the amended complaint it appears that appellant could not amend to state a cause of action for which the commissioners could be held personally liable.
With regard to the City's contractual liability, we agree with the position taken by the City that the subject contract is ultra vires and therefore unenforceable. The agreement purports to restrict the City's ability to decide whether to build a road, install a traffic device and permit the development of a parking lot and a storm drain connection. The City does not have the authority to enter into such a contract, which effectively contracts away the exercise of its police powers. Hartnett v. Austin, 93 So.2d 86 (Fla. 1956); City of Belleview v. Belleview Fire Fighters, Inc., 367 So.2d 1086 (Fla. 1st DCA 1979); City of Safety Harbor v. City of Clearwater, 330 So.2d 840 (Fla. 2d DCA 1976). While we have not found a reported case in Florida regarding an ultra vires contract similar to the one in this case, a North Carolina case is directly on point. In Rockingham Square Shopping Center, Inc. v. Town of Madison, 45 N.C. App. 249, 262 S.E.2d 705 (1980), the Town of Madison agreed that it would open and construct an access road at its own expense as an inducement for the plaintiff to construct a shopping center development in the town. After the town decided not to open the road, due to difficulties in negotiating necessary rights-of-way, the plaintiff sued the town for breach of contract. The North Carolina Court of Appeals held that the contract, which purported to restrict the discretion of the governing body of the municipality to determine whether the street should be opened for the public benefit, was ultra vires and of no legal effect. Following the reasoning in Rockingham Square Shopping Center, Inc., and applying the principles enumerated in Florida case law, we affirm the trial court's dismissal of the three counts in appellant's amended complaint arising out of the ultra vires agreement.
Having determined that the lower court properly dismissed appellant's amended complaint, we now turn to the issue of whether the court erred in failing to allow appellant to further amend its complaint to seek the return of the money it paid to the City pursuant to the agreement. Florida Rule of Civil Procedure 1.190(a) states that "[l]eave of court [to amend] shall be given freely when justice so requires." Leave to amend should not be denied unless the privilege has been abused or the complaint is clearly not amendable. Osborne v. Delta Maintenance and Welding, Inc., 365 So.2d 425 (Fla. 2d DCA 1978). In this case, it is unclear whether appellant can state a cause of action for return of the money, especially since it has not yet attempted to do so. Therefore, we hold that the trial court abused its discretion and that, on remand, appellant should be allowed to state a claim for the money, if it can.
We wish to note, however, that appellant is not entitled to a refund of the money under a theory of implied contract or quantum meruit. As a general rule, "where a contract is within the scope of the municipal powers but is void and unenforceable as an express contract because of irregularities in execution or performance, recovery may still be had for the value of benefits received by the municipality on a theory of implied contract." Rockingham Square Shopping Center, Inc., 262 S.E.2d at 708. See Webb v. Hillsborough County, 128 Fla. 471, 175 So. 874 (1935); Edwards v. City of Goldsboro, 141 N.C. 60, 53 S.E. 652 (1906); 56 Am.Jur.2d Municipal Corporations, Etc. §§ 519-525 (1971). "However, a distinction has been drawn between cases in which the express contract involves an irregular exercise of a corporate power to contract, and those in which the express contract is ultra vires because the power of the municipality to contract is absent. In the latter cases, the municipality may not be bound, even in implied contract, *742 for the value of benefits received." Rockingham Square Shopping Center, Inc., 262 S.E.2d at 708-709. See Webb; Edwards; 56 Am.Jur.2d § 523. The distinction was expressed, in Webb, as follows:
Municipal Corporations are liable to an action of implied assumpsit with respect to money or property received by them and applied beneficially to their authorized objects through contracts which are simply unauthorized, as distinguished from contracts which are prohibited by their characters, or some other law bearing upon them or are malum in se, or violative of public policy.
Id. 175 So. at 877-878. Thus, where, as in this case, it is determined that a party has entered into a contract with a municipality that unlawfully limits the municipality's exercise of its police power and is therefore beyond the municipality's power to contract, the party cannot then recover money paid to the municipality under a theory of implied contract or quantum meruit. A party entering into a contract with a municipality is bound to know the extent of the municipality's power to contract, and the municipality will not be estopped to assert the invalidity of a contract which it had no power to execute. 56 Am.Jur.2d § 529. In addition, a party generally may not seek to enforce an illegal contract. Local No. 234 of United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Industry of United States and Canada v. Henley & Beckwith, Inc., 66 So.2d 818, 821 (Fla. 1953). Where the parties to such a contract are in pari delicto, the law will leave them where it finds them, and relief will be refused in the courts because of the public interest. Id. See also Rockingham Square Shopping Center, Inc.; Webb; Edwards.
Although we have eliminated the potential causes of action appellant would most likely attempt to plead on remand for return of the money paid to the City, the record is insufficient to permit us to conclude that there are no alternative causes of action available to appellant, notwithstanding the illegality of the contract. In addition, it is possible that it will ultimately be determined that the money Largo Bunch paid to the City, along with the property it was to transfer to the City, was intended as consideration for the downtown property the City conveyed to Largo Bunch. In our view, the portions of the agreement concerning the exchange of property are severable from the ultra vires provisions of the agreement. See Local No. 234; New Products Corp. v. City of North Miami, 241 So.2d 451 (Fla. 3d DCA 1970), cert. denied, 244 So.2d 434 (Fla. 1971). Although it is unclear, at this stage of the proceedings, to which portion of the agreement the money is allocable, if it is allocable to the property exchange portion of the agreement it is possible that appellant might be able to allege that there has been some mistake or fraud which would entitle it to rescission or other equitable relief.
In summary, we hold that the trial court correctly dismissed appellant's amended complaint, but abused its discretion in denying appellant the opportunity to amend to attempt to state a cause of action for return of the money it has paid to the City. On remand, appellant shall be given leave to amend for the purpose of seeking return of the money, if it is able to do so within the limitations set forth herein.
Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and ALTENBERND, J., concur.