610 So.2d 447 (1992)
Judith Sharon ABRAMSON and Carol Seidman, Appellants,
v.
The FLORIDA PSYCHOLOGICAL ASSOCIATION and Parke Fitzhugh, Appellees.
Nos. 91-871, 91-872.
District Court of Appeal of Florida, First District.
July 9, 1992.
On Motion for Rehearing and Suggestion of Certified Question January 11, 1993.
Perse, P.A. & Ginsberg, P.A. and Thomas J. Morgan, P.A., Miami, for appellant Abramson.
Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A., Tallahassee for appellant Seidman.
Bruce Culpepper and Darren A. Schwartz of Haben, Culpepper, Dunbar & French, P.A., Tallahassee for appellees The Florida Psychological Ass'n and Parke Fitzhugh.
PER CURIAM.
Appellants, Judith Sharon Abramson and Carol Seidman, challenge the trial court's permanent injunction obtained below by appellees, the Florida Psychological Association (FPA) and Parke Fitzhugh, which denies appellants the opportunity to hold themselves out as licensed psychologists. *448 The Department of Professional Regulation (DPR) and the Board of Psychological Examiners (Board) are also enjoined and subject to a writ of mandamus under which they may not: (1) issue licenses to the appellants unless certain statutory educational requirements are met; and (2) allow appellants to hold themselves out as psychologists. Appellants assert that the trial court erred in determining that DPR and the Board: (1) did not have the authority to enter into certain agreements whereby statutory educational requirements for licensed psychologists would be waived; and (2) equity compels enforcement of that agreement. Abramson also asserts the trial court erred in determining which version(s) of the statute may apply here as to minimal educational requirements for licensure of psychologists. We affirm.
In 1980, Judith Abramson graduated with a Ph.D. in psychology from Heed University, Hollywood, Florida. Heed University, although licensed by the State of Florida, was not accredited. Abramson was able to practice psychology because pertinent laws regulating the psychological profession had sunset in 1979. In 1981 the legislature enacted Chapter 81-235, Laws of Florida, codified as Chapter 490, Florida Statutes (1981) in order to regulate the psychological profession.
Under this new Act, Abramson, Seidman, and others who had earned their degrees from non-accredited institutions would now be prohibited from licensure. Abramson, Seidman, and others (including the Florida Psychological Practioners' Association) then filed a federal action against DPR and the Board seeking, in part, a declaratory judgment that Chapter 490, Florida Statutes, was unconstitutional on its face or as applied, and further, that certain grandfathering provisions which permitted persons to receive the benefit of licensure were invalid.[1] Finally, in April and May of 1990, DPR and the Board offered a settlement to Abramson (and certain others, including Seidman) which would grant licensure in exchange for withdrawal from the federal suit if qualifications equivalent to those necessary for certification in 1981 were shown (under no examination guidelines); in the alternative, Abramson (and Seidman) would be permitted to sit for the examination (at most, twice) and would be licensed upon examination passage, conditional on withdrawal from the federal litigation.
Abramson accepted the settlement offer. The FPA then sought to enjoin her from holding herself out as a licensed psychologist until she met certain statutory requirements which it is alleged should be required by DPR and the Board. (The FPA also sought a declaratory judgment against her, Seidman and others and also sought to temporarily[2] enjoin them from sitting for the examination.) Abramson was subsequently allowed to sit for the exam, but the trial court determined, in the order under review, that DPR and the Board did not possess the "lawful authority" to offer the above settlement terms.
Seidman obtained her Ph.D. in psychology from Heed University in 1978. The Board apparently had turned down her application to take the licensure examination in 1982 on the grounds that she did not meet the educational requirements of section 490.005(1)(b), Florida Statutes (1981).[3] Seidman was a party to the federal suit, but she subsequently withdrew from the federal court action as a condition of her acceptance of DPR and the Board's offer of settlement. The FPA and Parke Fitzhugh then filed suit against her, Abramson, and others.
*449 The FPA and Parke Fitzhugh essentially averred that the settlement agreement was contrary to Chapter 490 and that until Seidman (and Abramson) met the requirements of Chapter 490, Florida Statutes, and pertinent rules of the Florida Administrative Code (FAC), permission to take the licensure examination should not be granted. In the order on review the trial court determined that DPR and the Board did not have the authority to enter into the settlement agreement offered to Abramson and Seidman. The court also determined that Abramson and Seidman could apply under current statutory criteria or criteria existing as of the settlement date.[4]
The first question presented is whether the trial court properly determined that DPR and the Board did not have the authority to enter into an agreement contrary to the statutory requirements of section 490.005, Florida Statutes (1989). Although we recognize settlement is to be generally encouraged to resolve disputes, we agree with the trial court that the settlement undertaken here exceeded the authority of the agency to settle. Appellants' primary argument is that this court should uphold the agreement because the purpose of the settlement agreement was to end litigation which threatened the validity of the entire regulatory framework of Chapter 490 and that under the Chapter 490 enabling act, the power to make such settlement has been granted. We find such contention to be unpersuasive. Agencies are generally to construe statutes which they administer on the presumption that the statute in effect is valid. See Palm Harbor Special Fire Control District v. Kelly, 516 So.2d 249 (Fla. 1987). Further, as appellees well note, "[a]n agency may not increase its own jurisdiction and, as a creature of statute, has no common law jurisdiction or inherent power... ." Lee v. Division of Florida Land Sales and Condominiums, 474 So.2d 282, 284 (Fla. 5th DCA 1985), citing Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787 (Fla. 1st DCA 1982), review denied, 436 So.2d 98 (Fla. 1983). It is axiomatic, therefore, that an agency generally may not act in a manner which exceeds the authority granted to it through statutes.
From our review of the record, it is clear that the appellants here did not meet the educational requirements plainly set forth below in section 490.005(1)(b)1., 2., Florida Statutes (1989). These requirements are:
(1)(b)1. Received a doctoral degree with a major in psychology from a program which at the time the applicant was enrolled and graduated was accredited by the American Psychological Association; [and] 2. Received a doctoral degree with a major in psychology from a program which at the time the applicant was enrolled and graduated maintained a standard of training comparable to the standards of training of those programs accredited by the American Psychological Association. Education and training in psychology must have been received in an institution of higher education fully accredited by a regional accrediting body recognized by the Council on Post Secondary Accreditation or an institution which is publicly recognized as a member in good standing with the Association of Universities and Colleges of Canada.
The trial court's determination that the settlement is illegal because the agency did not have the authority to make such settlement, would not be erroneous, absent (1) evidence that appellants met the plain statutory requirements of the above section, or other sections as applicable, and (2) any reference to portions of the enabling act of Chapter 490 (or subsequent amendment) which would clearly grant DPR and the Board the authority, in the exercise of their police power, to waive the statutorily prescribed educational licensing requirements applicable to prospective licensees. Since neither of those circumstances existed, the trial court did not err.
*450 The second issue is whether, as appellants argue, equity should apply to allow enforcement of this agreement. A party generally may not seek to enforce an illegal contract. See P.C.B. Partnership v. City of Largo, 549 So.2d 738 (Fla. 2d DCA 1989). We find that in the circumstances of this case, where it is apparent that the plain educational requirements of section 490.005, Florida Statutes (1989) were waived in the settlement offer, equity should not apply.[5]
We have reviewed Abramson's arguments on the third issue and affirm without discussion. We affirm as to all other issues raised by the parties.
AFFIRMED.
JOANOS, Chief Judge and ERVIN, J. concur.
KAHN, J., concurs with written opinion.
KAHN, J., concurring.
I agree to affirm on the narrow reason that this case involves public health, safety and welfare, and it was such interest that appellees sought to vindicate through their action in the circuit court. I would think this is a narrow exception, that does not substantially impact the generally recognized authority of the state and its agencies to sue and be sued, which authority must necessarily include the right to evaluate risks of litigation, and to act, often by way of compromise and settlement, to protect the public from the adverse risks of litigation. Certainly the decision in the present case should not be read to create a blanket rule by which a stranger to prior litigation between the state and a private party can bring a subsequent action challenging the state's authority to settle the prior action.

ON MOTION FOR REHEARING AND SUGGESTION OF CERTIFIED QUESTION
PER CURIAM.
Appellants Abramson and Seidman have each filed motions for rehearing and have further requested this court to certify a question of great public importance to the Florida Supreme Court. We deny the motions for rehearing and certify to the supreme court the following question, which we deem to be one of great public importance:
WHEN IS IT LAWFUL FOR THE ATTORNEY GENERAL OF THE STATE OF FLORIDA, AS THE LEGISLATIVELY APPOINTED COUNSEL FOR A STATE BOARD OR AGENCY, TO SETTLE A LAWSUIT BETWEEN SAID BOARD OF AGENCY AND A PRIVATE INDIVIDUAL UNDER TERMS OR CONDITIONS THAT ARE NOT EXPRESSLY AUTHORIZED BY THE BOARD'S LEGISLATIVE GRANT OF POWER?
JOANOS, C.J., and KAHN, J., concur.
ERVIN, J., concurs in denial of motions for rehearing, but dissents as to certified question.
NOTES
[1] See Abramson v. Gonzalez, 949 F.2d 1567 (C.A. 11th Cir.1992)
[2] Denied by order.
[3] Subsection (1)(b) states:

(b) Submitted proof satisfactory to the board that he has received a doctoral degree with a major in psychology from a university or professional school that has a program approved by the American Psychological Association; has received a doctoral degree in psychology from a university or professional school maintaining a standard of training comparable to those universities having programs approved by the American Psychological Association or the doctoral psychology programs of the state universities; or has complied with the requirements for eligibility to take the Florida examination as set by the Florida State Board of Examiners of Psychology in a final order issued prior to July 1, 1979.
[4] The court further determined "Seidman applied [for licensure] in 1982, the Court [therefore] finds the 1982 standards apply as of that application, and may not be updated as to educational standards with facts occurring post-1982... . In sum it is the court's opinion that Private Defendant SEIDMAN may make application and meet all requirements under the original 1982 application... ."
[5] In this regard, we also observe that the general public interest would not be well served here by permitting such licensure in contravention of the plain statutory educational requirements. See Section 490.002, F.S.