JAMES ERBY ROBERTS v. CAROLINA TABLES OF HICKORY AND THE HOME INSURANCE COMPANY

No. 8410IC1248

(Filed 16 July 1985)

Master and Servant § 69— workers' compensation—conclusiveness of compensation agreement
A Form 21 compensation agreement signed by the parties and approved by the Industrial Commission was binding on the parties where the Commission found that the agreement was not obtained by fraud, misrepresentation, undue influence or mutual mistake, and a hearing commissioner erred in finding that plaintiff's average weekly wage was an amount greater than that stated in the compensation agreement. G.S. 97-17.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and Award entered 25 September 1984. Heard in the Court of Appeals 16 May 1985.

This appeal arises out of a compensable injury by accident which occurred on 2 November 1981 while plaintiff was employed by defendant Carolina Tables of Hickory. Plaintiff was born in 1941 and had completed high school. He had been working for defendant employer for approximately seven weeks prior to the accident. Plaintiff was an alcoholic, was diabetic and had high blood pressure. He had been taking Tylenol III, Valium, blood pressure medicine and insulin.

The parties stipulated as to the following facts:

Roberts v. Carolina Tables

## STIPULATIONS

1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.

2. The employment relationship existed between the plaintiff and defendant employer.

3. Home Insurance Company was the compensation carrier on the risk at such time.

4. On 2 November 1981 plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant employer. Defendants admitted liability therefore, and the parties entered into a Form 21 Agreement, approved by the Commission on 7 December 1981, whereby plaintiff was paid compensation for temporary total disability at a compensation rate of $160.00 per week for the period 10 November 1981 to 12 January 1982.

On 7 June 1982 and 10 June 1982 a hearing was held before Deputy Commissioner Stephens on the issue of additional medical treatment at defendant's expense. Plaintiff's weekly compensation and the Form 21 Agreement were not at issue. Plaintiff was awarded $160.00 per week, as specified in the Form 21 Agreement. On 17 November 1983 a hearing was held before Commissioner Vance. Commissioner Vance found plaintiff's average weekly wage to be $297.69 and awarded plaintiff compensation at $198.47 per week. Defendant appealed contending that Commissioner Vance erred in finding that plaintiff's average weekly wage was $297.69 rather than $240.00 which was the average weekly wage agreed upon in the Form 21 Agreement. The Full Commission, in a hearing held on 20 August 1984, found the Form 21 Agreement to be binding and amended the award of Commissioner Vance by, *inter alia*, substituting $160.00 for $198.47.

Plaintiff appeals from the Full Commission's opinion and award on the grounds that the Full Commission erred in amending his average weekly wage to $240.00 from $297.69.

*Randy D. Duncan for plaintiff-appellant.*

*Hedrick, Eatman, Gardner and Kincheloe by Scott M. Stevenson and John F. Morris for defendant-appellee.*

PARKER, Judge.

The sole issue before us is whether the Form 21 Agreement signed by plaintiff and approved by the Industrial Commission was binding.

An agreement for compensation, when approved by the Commission, is binding on the parties. *Pruitt v. Knight Publishing Co.*, 289 N.C. 254, 221 S.E. 2d 355 (1976). The agreement must be "in the form prescribed by the Industrial Commission, accompanied by a full and complete medical report, [and it] shall be filed with and approved by the Commission; otherwise such agreement shall be voidable by the employee or his dependents." G.S. 97-82.

General Statute 97-17 prohibits the parties to such agreement from denying the truth of the matters therein set forth "unless it shall be made to appear to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake. . . ." The essential elements of fraud are a knowing misrepresentation of an existing fact, made with intent to deceive, which the other party reasonably relies on to his detriment. *Briggs v. Mid-State Oil Co.*, 53 N.C. App. 203, 280 S.E. 2d 501 (1981). Pursuant to G.S. 97-17 the Form 21 Agreement, signed by plaintiff and approved by the Commission, is binding unless the Commission finds that there has been error due to fraud, misrepresentation, undue influence or mutual mistake. In this case the Commission found that the agreement did not have such error and was binding.

The findings of the Commission are conclusive on appeal when supported by competent evidence, even though there may be evidence that could support a contrary finding. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982). The Commission may accept or reject the testimony of a witness, in whole or in part, solely on the basis of whether it believes the witness. *Anderson v. Northwestern Motor Co.*, 233 N.C. 372, 64 S.E. 2d 265 (1951). After carefully reviewing the record, we find that the Commission's finding was supported by competent evidence. One of the Commission's findings of fact was in pertinent part:

7. Since plaintiff's injury, he has had a very bad memory. He has become irritated towards his family, never smiles, and seems to be in a daze. He accuses his family of

hiding things from him. Before going to work, plaintiff's wife must write down each day what medicine he should take and at what time of day. He cannot remember the multiplication table since the accident.

On cross-examination plaintiff said that he did not remember signing a paper which stated that his average weekly wage was $240.00; subsequently, he said that he had not signed any forms; finally, he said he had signed the form after reading it, that the form provided for an average weekly wage of $240.00, and that an employee of the insurance company told him to sign the paper and the carrier would evaluate and send him the rest of what he was supposed to receive.

Defendant's credibility was for the Commission to determine. We find that the evidence supports the Commission's finding that the agreement was not obtained by fraud, misrepresentation, undue influence or mutual mistake and, therefore, was binding on the parties.

Affirmed.

Judges ARNOLD and MARTIN concur.