***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award of Chief Deputy Commissioner Gheen. The Full Commission AFFIRMS and ADOPTS the Opinion and Award of Chief Deputy Commissioner Gheen with some modifications and enters the following Opinion and Award.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Defendants (hereinafter "NCSIGA") filed a Motion To Dismiss claimant's (hereinafter "Bookout") petition as to the NCSIGA to set aside a compromise settlement agreement executed on May 29, 1998. The NCSIGA advances three grounds in support of their Motion:
(a) The NCSIGA cannot as a matter of law be held liable for any alleged "bad acts" of the insolvent employer;
(b) Bookout failed to state a claim for fraud; and
(c) Bookout failed to comply with all applicable statute of limitations.
2. Bookout claims the employer committed fraud and she was deceived because the employer listed her job title incorrectly in her personnel file. Counsel representing Bookout obtained the personnel file prior to execution of the Compromise Settlement Agreement. Bookout did not detect the alleged incorrect job title until after the Compromise Settlement Agreement was executed and she had subsequently obtained her file from counsel in 2001.
3. Bookout also detected in her personnel file that the company alleged she did not use foot controls in her employment. Bookout contends that she did use foot controls.
4. Bookout also states that the employer committed fraud and she was deceived because the employer contended she was the only employee claiming to be harmed by chemical exposure when, in fact, the employer knew that other employees had contended injury from such exposure.
5. Bookout filed a Response To Reply To Defendant's Motion To Dismiss on August 30, 2003. In that pleading, Bookout notes she was aware that a fellow employee was contending injury by chemical exposure. Bookout and the co-worker discussed their claims during 1996, Bookout offering to provide evidence to assist the co-worker.
6. The evidence establishes that Bookout's assertions, assuming all alleged facts are true, relate to matters that were within the knowledge of Bookout's counsel or Bookout's knowledge prior to executing the Compromise Settlement Agreement.
 ***********
The forgoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. NCSIGA's Motion To Dismiss is treated as the equivalent of the Motion For Summary Judgment. N.C. Gen. Stat. § 1A-1, Rule 56.
2. "No party to any agreement for compensation approved by the Commission shall deny the truth of the matters contained in the settlement agreement, unless the party is able to show to the satisfaction of the Commission that there has been error due to fraud, misrepresentation, undue influence or mutual mistake, in which event the Commission may set aside the agreement." N.C. Gen. Stat. § 97-17. The essential elements of "fraud" are (1) a knowing misrepresentation of an existing fact; (2) made with intent to deceive; and (3) which the other party reasonably relies on to his detriment. Roberts v. Carolina Tables ofHickory, 76 N.C. App. 148, 331 S.E.2d 757 (1985). "Misrepresentation" has two essential elements: (1) the supplying by the defendant of false information, and (2) reliance on the false statement by the plaintiff. N.C. Gen. Stat. § 97-17; see Fulton v. Vickery, 73 N.C. App. 382, 388,326 S.E.2d 354, 358, disc. rev. denied, 313 N.C. 599, 332 S.E.2d 178
(1985); Forbes v. Par Ten Group, Inc., 99 N.C. App. 587, 595,394 S.E.2d 643, 647 (1990), disc. rev. denied, 328 N.C. 89, 402 S.E.2d 824
(1991). Taking all of Bookout's allegations as true, the allegations fail to state an actionable claim for fraud or misrepresentation.
3. Reaching the conclusion that Bookout has failed to state a claim on which relief can be granted, it is unnecessary to address NCSIGA's additional grounds for dismissal.
 ***********
The forgoing Findings of Fact and Conclusions of Law engender the following:
 AWARD
1. Bookout's petition to set aside the Order approving the Compromise Settlement Agreement is DISMISSED WITH PREJUDICE.
2. Bookout shall pay costs due the Commission.
This the ___ day of June 2004.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CS/kjd