399 So.2d 456 (1981)
The PENTHOUSE, INC., a Florida Corporation, Appellant,
v.
John M. SABA, Irving G. Snyder, Larry Rhodes, William A. Muirhead, and Andrew Sandegren, Appellees.
No. 80-146.
District Court of Appeal of Florida, Second District.
June 3, 1981.
*457 J.B. Donnelly of Grimes, Goebel, Parry, Blue, Boylston & McGuire, Bradenton, for appellant.
Lewis F. Collins, Jr., of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellees.
OTT, Judge.
Appellees, the five commissioners of Sarasota County, were sued as individuals in an action brought by appellant under 42 U.S.C. § 1983.[1] The complaint alleged that appellees had acted arbitrarily, capriciously, and in violation of the Sarasota County Zoning Ordinances, in withholding approval of appellant's preliminary site plan for a proposed condominium project. The trial court *458 dismissed the action on the ground that "the defendants may not be held individually liable for their official acts based upon the facts alleged in the complaint." We affirm because the dismissal was proper, but the reason why it was correct bears brief exposition.
Government officials no longer enjoy absolute immunity from personal liability for all of their official acts. As the states have gradually withdrawn the sovereign immunity of governmental units,[2] so, too, have Congress and the federal courts narrowed the immunity of individual officials. The degree of immunity varies, depending upon the nature of the act. If an exercise of legislative or judicial power is involved, the immunity is absolute. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1979); Imbler v. Pachtman, 424 U.S. 409, 418, 96 S.Ct. 984, 989, 47 L.Ed.2d 128 (1976). But the common-law doctrine of "official immunity" no longer acts as an absolute bar to the individual liability of a public officer exercising executive power. When an official, acting under color of local law, has deprived any person of a right or privilege protected by the Federal Constitution or other federal law, he can be held personally liable in damages to the injured party under section 1983 unless he pleads and establishes, as an affirmative defense, that he acted reasonably and in good faith  i.e., with a bona fide and reasonable belief in the constitutional validity of the local law he was enforcing. Owen v. City of Independence, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); Procunier v. Navarette, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1979); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1973).
As applied to the facts at bench, the rule is that appellees would have had absolute immunity from suit under section 1983 if, for instance, they had enacted (legislative power) an unconstitutional zoning ordinance, but they (and all other county officials) would have had only qualified immunity for their acts in implementing and enforcing (executive power) such an ordinance. Princeton Community Phone Book, Inc. v. Bate, 582 F.2d 706, 711[5] (C.A.3d 1978); Huemmer v. Mayor and City Council, etc., 474 F. Supp. 704, 720[7] (U.S.D.C. Md. 1979). The existence of qualified immunity is a question of fact and, when properly presented, cannot be resolved summarily. Sims v. Adams, 537 F.2d 829, 832[6] (C.A. 5th 1976).
The ruling of the court below was therefore erroneous, or at least premature, insofar as it may have intimated that appellees were immune from liability.
There is, however, a fatal deficiency in appellant's case. Consequently, the dismissal was proper[3] and must be affirmed, even though neither party mentions the point. A correct result must not be overturned merely because it may have been reached by mistake.
The stated ground of the dismissal is broad enough to encompass a conclusion that the complaint does not state, and cannot be amended to state, a cause of action entitling appellant to relief under section 1983  not because appellees are immune, but because their alleged acts did not constitute the requisite violation of some right, privilege, or immunity secured to appellant under the Federal Constitution or laws. Martinez v. California, supra, 100 S.Ct. at 558.
*459 The gravamen of appellant's complaint was that its preliminary site plan fully complied with all the requirements of the applicable county zoning and building laws, and that appellees violated the zoning ordinance by refusing to approve the plan.
Zoning laws are creatures of the state, recognized as proper exercises of police power. Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla. 1966). Nothing in the Federal Constitution or body of law guarantees that zoning laws will be honored.[4] Nothing in section 1983 provides redress if purely local laws are not properly observed.
Appellant's theory of recovery was that appellees had violated its civil right to use its land as it sees fit, so long as the use is lawful. Appellant asserts that such right is guaranteed by the fourteenth amendment. Appellant is mistaken. To paraphrase the language of Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979), all that the fourteenth amendment guarantees is that no person shall be deprived of his property without due process of law. A duly enacted zoning measure may indeed impair property rights, but in the eyes of the law due process has been faithfully observed, and thus there has been no violation of civil rights.
Appellant's right, if any, to the approval of its preliminary site plan is embodied in the Sarasota County Zoning Ordinance, and not in the Constitution or any other federal law. The trial court therefore properly ruled that the facts alleged in the complaint were not sufficient to state a cause of action against the individual county commissioners under section 1983. That ruling is AFFIRMED.
HOBSON, A.C.J., and DANAHY, J., concur.
NOTES
[1] 42 U.S.C. § 1983:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
[2] The doctrine of sovereign immunity was abolished in this state when section 768.28, Florida Statutes, became effective. There is a lingering tendency to refer to the "immunity" of a government from liability for its "discretionary acts," as defined in Commercial Carrier Corp. v. Indian River County and Cheney v. Dade County, 371 So.2d 1010 (Fla. 1979). But that is a misnomer. Discretionary acts do not give rise to liability because they are not tortious. By definition, one who has discretion to act has no duty to act.
[3] We also note that although Congress has not barred state courts from entertaining section 1983 actions, the question whether a state court must do so has not been resolved. Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 558, n. 7, 62 L.Ed.2d 481; Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 2503, n. 1, 65 L.Ed.2d 555 (1980).
[4] The lawful enactment of zoning laws is amply and fully protected by the state judicial system. Here, appellant successfully  and appropriately  challenged the disapproval of his application through the normal channels of judicial due process.