### In the Matter of Barry J. NACE, Petitioner.

### No. 84–786.

District of Columbia Court of Appeals.
Argued Feb. 20, 1985.
Decided April 8, 1985.

▓▓▓▓▓

◡ ——————

Barry J. Nace, Bethesda, Md. pro se.

Elizabeth J. Branda, Asst. Bar Counsel, Washington, D.C., with whom Thomas H. Henderson, Jr., Bar Counsel, Washington, D.C. was on brief, for Bar Counsel.

Before PRYOR, Chief Judge, and NEWMAN and TERRY, Associate Judges.

NEWMAN, Associate Judge:

Nace, a member of the Bar of this court in good standing, seeks reversal of two rulings of the Board on Professional Responsibility: (1) an order holding confidential the identity of persons providing information to Bar Counsel concerning Nace, and (2) an order holding Bar Counsel immune from complaints that he violated the Code of Professional Responsibility promulgated by this court where the conduct complained of was in the course and scope of his duties as Bar Counsel. We affirm.

## THE FACTS

The Board on Professional Responsibility was created by this court pursuant to our authority to regulate the practice of law in the District of Columbia courts.[1] *Inter alia,* the Board is authorized to "consider and investigate any alleged ground for discipline ... of any attorney called to its attention, or upon its own motion, and to take such action with respect thereto as shall be appropriate...."[2] The Board is authorized to appoint a Bar Counsel, As-

sistant Bar Counsel and staff.[3] *Inter alia,* Bar Counsel has the "power and duty ... [t]o investigate all matters involving alleged misconduct by an attorney subject to the jurisdiction of this court called to his attention, whether by complaint or otherwise."[4]

An informant told Bar Counsel that "it" had been told by another person that Nace had twice stated in such person's presence that he (Nace) had hired private investigators to investigate Judge Joseph M. Hannon.[5] After a preliminary inquiry, Bar Counsel docketed the complaint, wrote Nace informing him of the accusation, and requested a reply. Nace replied, submitting an affidavit categorically denying the allegation. Bar Counsel thereafter closed the matter. Nace requested the Board to disclose to him the identity of Bar Counsel's informants. The Board informed Bar Counsel that it would make such disclosure unless the informants secured a protective order from the Board pursuant to D.C. App.R. XI, § 23(3). Such an order was sought by the informants. The Board's order followed.

Nace thereafter filed a complaint with the Board alleging that Bar Counsel had violated the Code of Professional Responsibility during his handling of the allegation made against Nace. The Board dismissed the complaint as a matter of law, ruling that pursuant to D.C.App.R. XI, § 9, Bar Counsel was immune from disciplinary complaints for conduct relating to matters within the course and scope of his duties as Bar Counsel.[6]

---

1. D.C.Code § 11–2501(a) (1981).

2. D.C.App.R. XI, § 4(3)(a).

3. D.C.App.R. XI, § 4(3)(b).

4. D.C.App.R. XI, § 6(1)(b).

5. Judge Hannon had shortly before set aside a plaintiff's verdict in *Oxendine v. Merrell Dow Pharmaceuticals,* CA No. 1245–82 (D.C.Super., Sept. 1, 1983) in the sum of $750,000. Nace represented the plaintiff. That ruling is presently pending review in this court (No. 83–1055, argued Feb. 5, 1985).

6. D.C.App.R. XI, § 9, reads:
   Complaints submitted to the Board or Bar Counsel shall be absolutely privileged, and no claim or action predicated thereon may be instituted or maintained. Members of the Board, members of hearing committees, and Bar Counsel and all assistants and employees shall be immune from suit for any conduct in the course of their official duties.
   Complaints against a member of the Board on Professional Responsibility involving activities other than those performed within the scope of his duties as a board member shall be submitted directly to the Court. Com-

Nace invokes our jurisdiction under D.C. App.R. XI, § 7(3), and seeks review of these two rulings by the Board.[7] In his pleadings and at oral argument, Nace makes clear that he seeks the identity of the informants so that he may determine whether to sue them.

## CONFIDENTIALITY

D.C.App.R. XI, § 23, in its entirety reads:

Section 23—CONFIDENTIALITY.

(1) All proceedings involving allegations of misconduct by an attorney shall be kept confidential until such time as the hearing committee has made a recommendation for discipline to the Board, unless the respondent-attorney requests that the matter be made public at an earlier stage. In the event the hearing committee makes a recommendation to the Board for discipline, the findings and recommendation of the hearing committee shall be available for inspection by the public at the office of Bar Counsel. Thereafter, the proceeding before the Board shall be made public. A Board proceeding following a recommendation by the hearing committee for dismissal of a complaint shall not be public.

(2) All proceedings involving allegations of disability on the part of an attorney shall be kept confidential unless and until the Court enters an order suspending the respondent pursuant to § 16 of this rule.

(3) Proceedings involving allegations of misconduct by, or the disability of, an attorney frequently require the disclosure of otherwise confidential or privileged information concerning the complainant or a witness. In order to protect the interests of the complainant or a

witness, the Board may, upon application and good cause shown, issue a protective order prohibiting the disclosure of such information and direct that the proceedings be so conducted as to implement the order.

■ At oral argument, Assistant Bar Counsel informed the Court that the order granting confidentiality of the indentity of the informants in this case was the first such order entered by the Board since its creation. Likewise, for the first time we are called upon to construe this provision of our Rules. The language of § 23(3) does not specifically provide for confidentiality of the identity of an informant or complainant. Rather, it speaks of confidentiality of "confidential or privileged information." However, considering the whole rule, we are satisfied that it is broad enough to permit the Board to order nondisclosure of the identity of an informant where the matter proceeds no further than it did here—a docketed case which was closed after a reply by the attorney whose conduct was the subject of the inquiry. *See generally* 3 SANDS, SUTHERLAND *Statutory Construction* § 67.10, at 236 (4th ed. 1974). We are buttressed in this view by the provisions of D.C.App.R. XI, § 6(1)(b), which authorizes Bar Counsel to investigate alleged misconduct called to his attention by complaint or otherwise. We believe each such case must be examined on the specific facts relevant to each case. We have reviewed, *in camera*, the application of the informants for confidentiality of their identity. We are satisfied that good cause was shown justifying the Board's confidentiality order in this case.[8]

## IMMUNITY FROM BEING SUED

■ D.C.App.R. XI, § 9, renders complaints to the Board or Bar Counsel abso-

---

plaints against hearing committee members or Bar Counsel involving activities other than those performed within the scope of their duties as such shall be submitted directly to the Board on Professional Responsibility.

7. In pertinent part, D.C.App.R. XI, § 7(3), reads: The Court reserves the right with respect to all disciplinary proceedings in which a dismissal,

informal admonition, or reprimand is contemplated or effectuated to review the matter and to enter an appropriate order with respect thereto, including an order directing further proceedings.

8. See following section for part of the reason leading us to this conclusion.

lutely privileged and specifies that "no claim or action predicated thereupon may be instituted or maintained."[9] Given our status as the highest court of the District of Columbia[10] and our authority to regulate the practice of law in District of Columbia courts, we have the authority to declare immune from suits or action under the law of the District of Columbia, the conduct of those who provide information or make complaint to the Board. Our rule does so. Thus, were Nace to be given the names of the informants, he could not maintain any action against them on a claimed right under District of Columbia law in the Superior Court of the District of Columbia.[11] On the facts of this matter, there would appear to be no basis for Nace to claim that the informants violated any federal constitutional or statutory right he possesses. Thus, there would appear to be no basis for suit under federal law in the federal courts.[12] Since it appears no action could be maintained against the informants, we see no need for the disclosure of their identities, on the facts of this case.

## IMMUNITY FROM DISCIPLINARY COMPLAINT

■ D.C.App.R. XI, § 9 sets forth an immunity from suit for the members of the Board, members of hearing committees and Bar Counsel, etc., and procedures for handling complaints against such persons arising from activities other than those performed within the scope of their duties. The Board found, and Bar Counsel urges here, that this general grant of immunity, coupled with the presence of explicit procedures for handling complaints involving activities outside the scope of his duties as Bar Counsel, and the failure to provide any such procedures for handling complaints arising from activities within the scope of his duties, evidences the intention of this court that he be immune from such complaint.[13] Bar Counsel also asserts that the same reasons which justify the immunity from suits and actions also justify immunity from disciplinary complaints.[14]

■ On the other hand, Nace correctly points out that neither judges of the District of Columbia courts nor prosecutors are immune from complaints to and discipline by the District of Columbia Commission on Judicial Disabilities and Tenure or the Board, respectively. We further note that if Bar Counsel were convicted of a crime involving moral turpitude for activities within the scope of his duties as Bar Counsel, his permanent disbarment would be mandated by statute. D.C.Code § 11–2503(a) (1981). *In re Kerr*, 424 A.2d 94 (D.C.1980); *In re Colson*, 412 A.2d 1160 (D.C.1979).

■ Although the matter is not free from doubt, we think the better reading of our rule, *as it currently stands*, does provide Bar Counsel the immunity from disciplinary complaint given him by the Board's ruling.

*Affirmed.*

■

---

**9.** *See* note 6, *supra,* for the full text of § 9.

**10.** D.C.Code § 11–102 (1981).

**11.** *See Mazanderan v. McGranery,* No. 83–1325, 490 A.2d 180 (D.C.1984).

**12.** As a consequence, we need not consider, and thus do not consider, whether a federal court would hold the informants to be absolutely immune from suit for a claimed violation of federal right.

**13.** Such immunity would also run to the other officials involved in the disciplinary process.

**14.** The prospect for harrassment is one of the factors which federal courts utilize in determining whether governmental figures (including those such as Bar Counsel) enjoy an absolute rather than qualified immunity in suits alleging violation of federally protected rights. *Butz v. Economou,* 438 U.S. 478, 509–12, 98 S.Ct. 2894, 2912–13, 57 L.Ed.2d 895 (1978); *Imbler v. Pachtman,* 424 U.S. 409, 423–24, 96 S.Ct. 984, 991–92, 47 L.Ed.2d 128 (1976); *Simons v. Bellinger,* 207 U.S.App.D.C. 24, 32, 643 F.2d 774, 782 (1980).