David SOLOMON, Appellant,

v.

The SUPREME COURT OF FLORIDA,
et al., Appellees.

No. 99–CV–1257.

District of Columbia Court of Appeals.

Submitted June 26, 2001.
Decided Sept. 12, 2002.

David Solomon, pro se.

Barry Richard was on the brief for appellees.

Before STEADMAN and WASHINGTON, Associate Judges, and NEBEKER, Senior Judge.

WASHINGTON, Associate Judge:

This appeal arises from a defamation lawsuit brought by appellant, David Solomon, against the Florida Supreme Court, Florida Bar Board of Governors, and individual Florida Bar related defendants (Florida Bar), regarding the suspension of his license to practice law in the state of Florida. Mr. Solomon argues on appeal that the trial court erred by dismissing his complaint on the ground that, as a branch of a sovereign state, the Florida Supreme Court, the Florida Bar, and other defendants are not amenable to suit in the District of Columbia. We affirm, and the reason why bears brief exposition.

## I.

On March 21, 1997, the Florida Bar Board of Governors (Board) held their annual out-of-state meeting at the Willard Hotel, in the District of Columbia. At the meeting, the Board reviewed charges of unprofessional conduct against Mr. Solomon. Based on its findings, the Board voted to recommend the suspension of Mr. Solomon's license to practice law in Florida. The Florida Supreme Court then ordered the suspension of Mr. Solomon's license to practice law in *Florida Bar v. Solomon*, 711 So.2d 1141 (Fla.1998).[1]

In his complaint Solomon alleges that during the meeting held in the District of Columbia, false defamatory statements were made about him. Appellant alleges that these statements were forwarded to the Florida Supreme Court, which resulted in his suspension. Solomon avers that as a proximate consequence of the acts of the Florida Board of Governors in the District of Columbia, which "continued and fully

matured when [appellee] Supreme Court of Florida finalized its opinion, appellant received damage to his reputation, as well as pain, mental anguish, and humiliation."

## II.

■ The Florida Bar contends that appellant's suit was properly dismissed because the Florida Bar is protected by the doctrine of absolute immunity from suit for the performance of its disciplinary functions. *Mueller v. The Florida Bar*, 390 So.2d 449 (Fla.App.1980); *Carroll v. Gross*, 984 F.2d 392 (11th Cir.1993); *The Penthouse, Inc. v. Saba*, 399 So.2d 456 (Fla. App.1981). The Florida Bar asserts that because the District of Columbia grants absolute immunity to persons engaged in disciplinary functions, by fiat, the District of Columbia cannot exercise jurisdiction over appellant's suit against the Florida Bar for pursuing its disciplinary functions in the District of Columbia. *See In re Nace*, 490 A.2d 1120, 1124 (D.C.1985) (noting that in the District of Columbia Bar Counsel has absolute immunity in disciplinary complaints); *see Stanton v. Chase*, 497 A.2d 1066, 1069 (D.C.1985) (noting the same). We hold that the District of Columbia courts should, on principles of comity "as a matter of harmonious interstate relations," uphold the absolute immunity of the Florida Bar and its agents for conduct related to their performance of disciplinary functions, conducted in the District of Columbia, where equivalent District bar disciplinary agents would be entitled to such immunity in our courts. *Nevada v. Hall*, 440 U.S. 410, 422, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979); *Biscoe v. Arlington County*, 238 U.S.App. D.C. 206, 211, 738 F.2d 1352, 1357 (1984) (noting that the

1. In that case, the Florida Supreme Court held that the repeated failure of Solomon to remit filing fees or affidavits of insolvency with appeals, his failure to timely submit appellate briefs, and to amend the complaint in a case of medical malpractice to include alle-

gations of special damages, warranted a 91-day suspension followed by two years of probation, and the requirement that Solomon pass parts A & B of the state bar examination as a condition of reinstatement. *Id.* at 1147.

Full Faith and Credit Clause does not require a State to resort to the laws of the defendant state to determine its amenability to suit); *Schoeberlein v. Purdue Univ.*, 129 Ill.2d 372, 135 Ill.Dec. 787, 544 N.E.2d 283, 285 (1989) (citing *Hall, supra* ) (noting that no law requires the forum "State to apply another State's law concerning sovereign immunity if it would contravene the forum State's own legitimate public policy").

The seminal Supreme Court decision that addressed the issue of state immunity in the courts of a sister state was *Nevada v. Hall*, 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979). The Court in *Hall* held that the Constitution does not prohibit one state's courts from asserting jurisdiction over another sovereign state. *Id.* at 420–21, 99 S.Ct. 1182. "Immunity in the courts of another sovereign must be found either in an agreement, express or implied, between the two sovereigns, or in the voluntary decision of the second to respect the dignity of the first as a matter of comity." *Qasim v. Washington Metro. Area Transit Auth.*, 455 A.2d 904, 906 (D.C.1983) (quoting *Hall, supra*, 440 U.S. at 416, 99 S.Ct. 1182). Indeed, the Supreme Court stated in *Hall, supra* at 425, 99 S.Ct. 1182, that it "has presumed that the States intended to adopt policies of broad comity toward one another." That presumption applies equally to the District of Columbia. Judicial comity is defined as "[t]he principle in accordance with which the courts of one state or jurisdiction will give effect to the laws and/[or] judicial decisions of another, not as a matter of obligation, but out of deference and respect." BLACK'S LAW DICTIONARY 267 (6th ed.1990).

In *Hall*, the California Supreme Court held that a California state court may,

without the defendant's consent, take in personam jurisdiction over the State of Nevada. In that case, plaintiffs filed suit in the San Francisco Superior Court to recover damages for personal injuries, alleging that the injuries resulted from a collision in California between their automobile and a car owned by the University and State of Nevada, and operated by their agent acting within the scope of his employment. *Hall v. University of Nevada*, 8 Cal.3d 522, 105 Cal.Rptr. 355, 503 P.2d 1363, 1364 (1972). There, the court held that "sister states who engage in activities within California are subject to our laws with respect to those activities and are subject to suit in California courts with respect to those activities." *Id.*

Because states are increasingly engaged in activities which carry them beyond their borders, the issue raised in the present case will arise at frequent intervals. However, we have not had occasion to consider whether on the basis of comity our courts should respect another state's statutorily imposed immunity in the exercise of disciplinary functions. Unless we elect to extend such a statute using the doctrine of comity, "the statute generally would be without force beyond the jurisdiction of the enacting state." *Schoeberlein, supra*, 135 Ill.Dec. 787, 544 N.E.2d at 285.

Comity principles ensure that foreign law that does not conflict with the law of the forum state may be applied to foster cooperation between sister jurisdictions. *Hall, supra*, 440 U.S. at 416, 99 S.Ct. 1182. Addressing the laws of the District of Columbia, we note that this jurisdiction generally provides immunity to all its bar disciplinary participants. D.C.App. R. XI, § 19(a).[2]

Appellant has not provided any evidence that the members of the Florida

2.  D.C.App. R. XI, § 19(a), reads:

Complaints submitted to the Board or Bar Counsel shall be absolutely privileged, and

Board acted outside the scope of their official duties when they forwarded their findings to the Florida Supreme Court. "In the area of defamation, the rule in Florida is that words spoken or written by public servants in judicial, legislative, and executive activities are protected by absolute privilege from liability for defamation." *Mueller, supra*, 390 So.2d at 451 (citing *McNayr v. Kelly*, 184 So.2d 428 (Fla.1966) (other citations omitted)). Here, each of the Board members was acting on behalf of the Florida judiciary when they made statements about appellant in the District of Columbia that appellant had violated the rules of professional conduct. We see no reason why Florida's rule should not apply in the present case. We, like the Florida Supreme Court, have expressed concern, as a matter of policy, with the conduct of lawyers when their representation of clients fails to meet minimum requirements. Accordingly, we hold the trial court did not err in dismissing the complaint. The judgement is

*Affirmed.*

---

no claim or action predicated thereon may be instituted or maintained. Members of the Board, its employees, members of Hearing Committees, Bar Counsel, and all assis-

---

tants and employees of Bar Counsel shall be immune from disciplinary complaint under this rule and from suit for any conduct in the course of their official duties.