PER CURIAM.
Petitioners, the City of Pompano Beach (the “City”) and East Pompano Beach Community Redevelopment Agency (“CRA”), challenge a Broward Circuit Court order requiring the City’s present and former commissioners to appear for deposition, but protecting them from testifying as to matters “touching the legislative process.” For the reasons which follow, we dismiss the petition as premature.
This cause stems from a 2003 lawsuit filed by respondents, Swerdlow Lightspeed Management Company, LLC, Swerdlow Lightspeed Management Company, LLC/International ■ Swimming Hall of Fame, Inc. Joint Venture, and International Swimming Hall of Fame, Inc., against petitioners, the City and CRA, on claims including wrongful termination and breach of an agreement for the redevelopment of two parcels of land in a community redevelopment area established by the City. Respondents alleged they had an agreement to work on a redevelopment project known as the “Olympic Beach Project,” which petitioners allegedly terminated on April 1, 2003. Respondents claimed damages exceeding $60,000, including lost profits and special and consequential damages.
Respondents served notices of intent to depose the City’s current and former commissioners. Their counsel later explained he intended to question the commissioners about their decision to terminate the alleged contract, what they had been told, and what their understanding was regarding the existence of a contract. Petitioner City moved for a protective order on the grounds of legislative testimonial immunity. After hearing argument of counsel, the trial court entered an order acknowledging the commissioners’ entitlement to legislative immunity, but ruling that they would have to testify as to non-legislative actions nonetheless because the lawsuit “involves a contract that the city entered into and later sought to terminate. Just like any other private party, the individuals involved in that process should be required to testify.” The order provided that the City’s commissioners, managers, and assistant managers had immunity only for actions taken in a legislative capacity, so they did not have to answer questions “touching on that process.” They were, however, required to testify on non-legislative matters surrounding the contract.
Petitioners now seek certiorari review of the order requiring the City’s current and former commissioners to submit to depositions regarding the City’s decision to terminate contract negotiations. For certiorari relief, petitioners must demonstrate that the trial court departed from the essential requirements of law and that the resulting harm is irreparable. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995).
State and local officials are immune from civil suits for their acts done within the sphere of legislative activity. See gen *457 erally Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); see also United States v. Gillock, 445 U.S. 360, 100 S.Ct. 1185, 63 L.Ed.2d 454 (1980). However, the fact that the commissioners may be entitled to absolute immunity from suit does not necessarily afford them a testimonial privilege. See Fla. Ass’n of Rehab. Facilities, Inc. v. State of Fla. Dep’t of Health & Rehabilitative Servs., 164 F.R.D. 257 (N.D.Fla.1995).
Section 90.501 of the Florida Evidence Code provides that no person has a privilege to refuse to be a witness or refuse to disclose any matter except as otherwise provided in this chapter, any other statute, or the Florida or United States Constitution. See § 90.501, Fla. Stat. No Florida legislative testimonial privilege has been recognized in the Evidence Code, statutes, or Florida constitution. The federal courts which have acknowledged and applied the privilege have done so based largely on the Speech and Debate Clause in Article I, section 6, of the United States Constitution, which protects federal legislators from suits. See, e.g., Gravel v. United States, 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972); M Sec. & Invs., Inc. v. Miami-Dade County, Fla., 14 Fla. L. Weekly Fed. D480 (S.D.Fla. Aug. 14, 2001). There is no counterpart to this clause in Florida’s constitution or laws.
Nevertheless, petitioners have argued that the Separation of Powers Clause of Article II, section 3, of the Florida Constitution supports recognition of a legislative testimonial privilege. This was argued by the appellant in Girardeau v. State, 403 So.2d 513 (Fla. 1st DCA 1981). There, the court affirmed a contempt adjudication of a legislator for refusing to answer questions posed by a grand jury in a criminal investigation. The legislator had served on a committee investigating the Florida Department of Corrections. The First District did not decide the issue of whether the legislator had a legislative testimonial privilege not to testify as to the investigation, but ruled instead that even if such a privilege existed, it would yield to the needs of the criminal justice system for evidence of a crime alleged to have been committed in the state. See id. at 516-17.
In Florida Ass’n of Rehabilitation Facilities, Inc. v. State of Florida Department of Health & Rehabilitative Services, the federal court stated that while there was no testimonial legislative privilege applicable to state legislative employees subpoenaed to testify at a deposition concerning a state Medicaid program, there might be a “deliberative process privilege.” 164 F.R.D. at 267-68. In this case, the question of whether a testimonial legislative privilege protects these city officials has been presented prematurely. Respondents have not yet formulated their questions for deposition. The trial court has ruled that the questioning may not extend to matters “touching the legislative process.” Under these circumstances, we find petitioners’ privilege challenge premature, and dismiss without prejudice to their right to seek relief in the event the trial court should require the answer to any questions claimed to violate a privilege. We reject petitioners’ other challenges.
STEVENSON, C.J., WARNER and SHAHOOD, JJ., concur.