# Third District Court of Appeal

## State of Florida

Opinion filed March 24, 2021.

_____

No. 3D20-576
Lower Tribunal No. 19-29594
_____

**Commissioner Joe Carollo, et al.,**
Appellants,

vs.

**Platinum Advisors, LLC, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Spencer Eig and Veronica Diaz, Judges.

Kuehne Davis Law, P.A., and Benedict P. Kuehne and Michael T. Davis, for appellants.

Brodsky Fotiu-Wojtowicz, PLLC, and Benjamin H. Brodsky, for appellees.

Before FERNANDEZ, SCALES and HENDON, JJ.

<u>On Motion for Clarification</u>

SCALES, J.

We grant Appellant Joe Carollo's motion for clarification, withdraw our opinion of February 10, 2021, and replace it with the following opinion.

Appellants Miami City Commissioner Joe Carollo and Consulting Associates Group, Inc. (together, "Carollo") appeal from a non-final order denying their motion to dismiss, on immunity grounds, the complaint of appellees Platinum Advisors, LLC and SkyViews of America, LLC. Although the appellees characterized their suit as directed toward Commissioner Carollo in his individual capacity, the conduct that the appellees alleged is actionable occurred only in Carollo's capacity as an elected official engaged in the legislative process. Therefore, such alleged conduct is shielded from liability by absolute legislative immunity. Accordingly, we reverse the trial court's non-final order denying Carollo's motion to dismiss the appellees' complaint.

**I. Facts**

In 2016, during an interim when Carollo was not an elected official, he executed a one-year services agreement (the "Agreement") on behalf of his private consulting firm (Consulting Associates Group, Inc.) with Platinum Advisors. The Agreement provided that Carollo would advise Platinum Advisors in its effort to locate a site and secure required governmental approval to erect a Ferris wheel, also called an observation wheel. The

Agreement imposed a duty on Carollo not to disclose Platinum Advisors' confidential and proprietary information.

Eventually, Platinum Advisors and its affiliate SkyViews applied to the City of Miami for development approval of the observation wheel to be located at Bayside Marketplace on City of Miami property.

During the term of the Agreement, Carollo announced his candidacy for Miami City Commissioner. Platinum Advisors terminated Carollo's consulting contract in September 2017, and Carollo was elected in November 2017. Platinum Advisors proceeded with its observation wheel application over the next two years. It received preliminary staff approvals, entered a pre-construction phase and, after obtaining several permits, began working at the site in August 2018. During this period before final development approval, Carollo refrained from any involvement, both at public meetings and behind the scenes, with Platinum Advisors' application.

A hearing for final planning and zoning approval of the application was scheduled before the Miami City Commission on September 26, 2019. At that hearing, after Platinum Advisors' agenda item was removed from the consent agenda by the City Attorney, the City Commission took up a discussion of the project's economic benefits. Carollo participated in this public discussion. He urged his fellow Commissioners either to reject the

3

application or to renegotiate its terms in order to increase revenues to the City. As a result of this discussion, the City Commission deferred approval of the application to a subsequent City Commission meeting. Our limited record indicates that, at a subsequent public meeting, the City Commission approved the project, but apparently at a greater cost to the appellees.

On October 17, 2019, Platinum Advisors and SkyViews sued Carollo for damages and injunctive relief relating to Carollo's alleged (i) breach of fiduciary duty, (ii) breach of the Agreement, and (iii) misappropriation of trade secrets in violation of Florida's Uniform Trade Secrets Act.[1] The complaint alleges that by participating in the discussion on the agenda item at the September 26, 2019 City Commission meeting, and arguing at the meeting that the City should negotiate a more favorable deal, Carollo (i) both disclosed and used trade secrets and confidential and proprietary information to instigate City Commission dissent and derail the appellees' application, (ii) committed a malicious and bad faith violation of his fiduciary and contractual duties, and (iii) sought a political benefit to himself by

---

[1] The appellees' complaint also sought to enjoin Carollo from what it alleged were Carollo's violations of section 112.3143(4) of the Florida Statutes. This provision prohibits an "appointed public officer" from participating in matters that constitute a conflict of interest.

causing a renegotiation of the arrangement between the City and the appellees.

Carollo sought to dismiss the complaint, arguing that, because all of the alleged actions giving rise to the appellees' several counts occurred in Carollo's capacity as a city commissioner, he was entitled to both absolute legislative immunity and qualified immunity. On February 20, 2020, the trial court entered a non-final order denying Carollo's motion to dismiss. Carollo timely appeals this order. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(F)(iii).[2]

**II. Analysis[3]**

The appellees concede that the only conduct undertaken by Carollo that the appellees allege is actionable occurred exclusively while Carollo was speaking from the dais at the September 26, 2019 City Commission meeting on an agenda item properly before the City Commission. Because Carollo's alleged actionable conduct occurred during the legislative process of a duly

---

[2] This rule reads, in relevant part, as follows: "Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . deny a motion that . . . asserts entitlement to sovereign immunity." Fla. R. App. P. 9.130(a)(3)(F)(iii).

[3] We review *de novo* a trial court's sovereign immunity determination. City of Miami Firefighters' & Police Officers' Ret. Tr. & Plan v. Castro, 279 So. 3d 803, 806 n.11 (Fla. 3d DCA 2019).

noticed agenda item, Carollo maintains that he is entitled to both absolute legislative immunity and qualified immunity. We agree with Carollo, that, based on allegations of the appellees' complaint, Carollo is entitled to absolute immunity. Therefore, we do not reach the issue of whether Carollo also enjoys qualified immunity.

A city commissioner enjoys absolute legislative immunity when acting in a legislative capacity. P.C.B. P'ship v. City of Largo, 549 So. 2d 738, 740 (Fla. 2d DCA 1989); Penthouse, Inc. v. Saba, 399 So. 2d 456, 458 (Fla. 2d DCA 1981) ("If an exercise of legislative . . . power is involved, the immunity is absolute."); see also City of Pompano Beach v. Swerdlow Lightspeed Mgmt. Co., 942 So. 2d 455, 456 (Fla. 4th DCA 2006) ("State and local officials are immune from civil suits for their acts done within the sphere of legislative activity.").

We have little difficulty concluding that, when he participated in the discussion regarding his former client's application – a duly noticed item on the City Commission's agenda – Carollo was engaged in the type of legislative conduct normally undertaken by elected city commissioners. His former client's project was on the agenda for the City Commission meeting, and Carollo participated in the discussion of the agenda item in his role as a City Commissioner. Hence, irrespective of whether Carollo's participation in

6

the City Commission discussion was unethical or motivated by bad faith, Carollo enjoyed absolute legislative immunity from civil suit for the comments he made at that meeting.

**III. Conclusion**

At the motion to dismiss stage, we assume Carollo owed Platinum Advisors the fiduciary and contractual duties alleged in the appellees' complaint. The issue is whether Carollo enjoys immunity for his conduct that allegedly breached those duties. Because the appellees' complaint identifies *only* conduct undertaken by Carollo during a City Commission meeting in Carollo's capacity as a City Commissioner, Carollo is entitled to absolute legislative immunity for the actions identified in the appellees' complaint. We reverse the trial court's denial of Carollo's motion to dismiss and remand with instructions for the trial court to enter an order dismissing the appellees' complaint.[4]

Reversed and remanded with instructions.

---

[4] Carollo concedes that, because the appellees have not yet been given the opportunity to amend their complaint, the dismissal should be without prejudice. Obviously, we express no opinion on whether Carollo would be entitled to immunity based on different conduct alleged in any amended complaint.